ADDISON SHOE COMPANY *v.* Charles L. DANIELS, Director of Labor, State of Arkansas

CA 79-357                                  600 S.W. 2d 919
Court of Appeals of Arkansas
Opinion delivered June 18, 1980
Released for publication July 8, 1980

*Charles W. Reynolds*, for appellant.

*Herrn Northcutt*, for appellee.

DAVID NEWBERN, Judge. Calvin E. Robinson worked for the appellant at Wynne, Arkansas. He left his employment and moved to Kansas City, Missouri, where he filed for unemployment compensation benefits. A hearing was held by the Missouri Board of Review, and the record of that hearing was forwarded to the Arkansas Board of Review for decision. In giving notice to the appellant, the Missouri Board stated the following:

## INSTRUCTIONS TO EMPLOYERS

The claimant has filed an appeal against a decision made by another State concerning his claim for unemployment benefits. This hearing has been scheduled in Missouri in order to give the claimant and any interested Missouri employers an opportunity to present their evidence at a place conveniently located near their residence. The record of this hearing will be sent to the liable State (the State against which the claimant is appealing). *There a tribunal will hold any other hearing that may be necessary and decide the appeal.*

\* \* \*

TO EMPLOYERS OUTSIDE MISSOURI: The hearing held in this State is in addition to any other hearing which may be scheduled on this appeal by the liable State. *Your attendance at this hearing or your failure to attend will not in any way affect your right to receive a notice of hearing in the liable State and to appear at such hearing.* (emphasis supplied).

Although we find no statutory provision requiring that a further hearing be held in Arkansas at which the appellant may present evidence, our opinion is that administrative due process requires that the appellant have that opportunity. Even if it be said that the appellant could have appeared at the Missouri hearing of which it had notice, we believe this

appellant was misled into assuming it would have an opportuniy to present its evidence later.

The appellee agrees the case should be remanded to the Arkansas Board of Review so that the appellant may present its evidence.

Reversed and remanded.