Lora HODGES *v.* William F. EVERETT,
Director of Labor, and UNIVERSAL MANUFACTURING
CORP.

E 81-113                                        617 S.W. 2d 29

Court of Appeals of Arkansas
Opinion delivered June 17, 1981

Lawson Cloninger, Judge. Appellant Lora M. Hodges applied for unemployment compensation benefits after she

was discharged by her employer, Universal Manufacturing Corporation, for being involved in a fight with another employee. The Arkansas Employment Security Division determined that appellant was entitled to benefits under § 5(b)(1) of the Arkansas Employment Security Law, Ark. Stat. Ann. § 81-1106(b)(1) (Repl. 1976), finding that she was attacked physically and tried to defend herself by holding on to her attacker. The decision was appealed to the Appeals Tribunal by the employer. When the employer failed to appear at a hearing before the Appeals Tribunal, the determination of the Agency was affirmed. The employer then appealed to the Board of Review, which, after hearing, found that appellant was disqualified for benefits because she was involved in a fight in willful disregard of the best interests of the employer.

The decision of the Board of Review is reversed.

Section 5(b)(1), *supra*, provides that an individual shall be disqualified for benefits:

> If he is discharged from his last work for misconduct in connection with the work . . .

The only eyewitness to the incident who testified at the Board of Review hearing was appellant. She stated that on the day of the incident, when it was time to go home, another girl, Della, called appellant by name; that when appellant turned around Della hit appellant on the side of the face with her closed hand and then grabbed appellant's hair. Appellant then grabbed Della's hair, but there is no evidence that appellant hit Della. Appellant testified that she said nothing to Della, and that there had been no previous argument.

Jeff Luther, the employer's personnel manager, testified that he did not see the fight but that it was reported to him by the foremen. He stated that company policy provided that any time a person is involved in a fight, he will be discharged; if a person is attacked he should not fight back; he can do anything to get away from the attacker, but striking another employee is a dischargeable offense; strik-

ing back will result in discharge even if it is done in one's own defense. No effort was made by the employer to determine who struck the first blow, or whether appellant was acting in self defense. Appellant testified that she was not aware of a company rule against striking back when attacked, and there is nothing in the record to indicate that she had been told about it.

We have searched the record in this case and find nothing which indicates that appellant was guilty of misconduct as set out in the Employment Security Law, and as defined in case law. The general rule is that misconduct, within the meaning of the unemployment compensation act excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has a right to expect of its employees. *Stagecoach Motel* v. *Krause*, 267 Ark. 1093, 593 S.W. 2d 495 (1980).

It may well be that the employer is justified in having a rule making any employee engaging in a fight subject to discharge, but the existence of such rule does not necessarily mean that the discharged employee is guilty of misconduct within the meaning of the Arkansas Employment Security Law. There is no evidence in this case that appellant knew of a rule against self defense, but even if she had known, legitimate self defense would not disqualify her for unemployment benefits. Furthermore, there is no substantial evidence to indicate that appellant struck her attacker, or do more than hold her by the hair. The right of self defense is recognized under English common law and by Arkansas statutory law. Ark. Stat. Ann. § 41-506 (Repl. 1977), and is universally accepted. It is a right the exercise of which cannot be said to be an act of wanton or willful disregard of the employer's interest. There is no substantial evidence to support the Board of Review's finding that appellant was guilty of misconduct, and she is entitled to unemployment benefits.

Reversed.