Charlene ROBERTS *v.* William F. EVERETT, Director
of Labor, and DOCTORS HOSPITAL

E 82-366                                          648 S.W.2d 504

Court of Appeals of Arkansas
Opinion delivered March 23, 1983

Appellant, *pro se.*

*Bruce H. Bokony,* for appellees.

DONALD L. CORBIN, Judge. Appellant was disqualified
from receiving unemployment benefits on the grounds that
she was discharged for misconduct from her job as surgery
hostess. As surgery hostess appellant acted in a public-
relations capacity between the patients' families and the
hospital staff and doctors. Prior to being discharged, she had
been counseled on several occasions about rude and incon-
siderate behavior to the patients' families. The Appeal
Tribunal found that her manner of conduct demonstrated a
deliberate disregard of a standard of behavior which the
employer had a right to expect of her and the Board of
Review affirmed the Appeal Tribunal's decision to deny
benefits. The appellant now brings her appeal to this court.

Appellant is not represented by legal counsel nor does
she present a brief; however, in her letter of appeal to this
Court she essentially raises two points: (1) she has been

denied a reasonable opportunity for a fair hearing and (2) the Board of Review's decision is not supported by substantial evidence. We agree with appellant's first point and remand the case for further proceedings.

The applicable statute is Ark. Stat. Ann. § 81-1107 (d) which provides in part: "[T]he appeal tribunal, *after affording the parties a reasonable opportunity for a fair hearing,* . . . shall affirm, modify or reverse . . . ." (emphasis added).

After appellant was discharged from her work in Little Rock, she moved to Georgia where she filed for unemployment compensation benefits. The agency awarded benefits and the employer appealed to the Appeal Tribunal. A hearing was scheduled in Little Rock for the purpose of taking the employer's testimony and a hearing was scheduled in Griffin, Georgia, for the purpose of taking appellant's testimony. However, appellant received her notice regarding the hearing after the time scheduled for the hearing had passed. The record indicates that the notice was dated August 11 and the hearing was set for August 19. Appellant stated in her letter of appeal to the Board of Review and also in her letter of appeal to this Court that she called the Little Rock office and wrote to the Atlanta office (the office from which the notice of hearing was mailed) to inform the Employment Security Division that the notice had reached her too late. She stated that she received no response from either office nor did the Board of Review address appellant's contention in its decision.

At this point in time appellant has not been given a reasonable opportunity to present her testimony or evidence and from the record it appears that this is not due to any fault on the appellant's part.

In *Addison Shoe Co. v. Daniels,* 269 Ark. 801, 600 S.W.2d 919 (Ark. App. 1980), a case involving an interstate appeal, the Court of Appeals remanded the Board of Review's decision because the employer was not given an opportunity to present evidence. The Court in *Addison Shoe Co. v. Daniels, supra,* stated:

Although we find no statutory provision requiring that a further hearing be held in Arkansas at which the appellant may present evidence, our opinion is that administrative due process requires that the appellant have that opportunity.

Although in that case a hearing in Arkansas had never been scheduled, we believe that the same reasoning applies here where appellant was not given sufficient notice of the hearing which was scheduled in her behalf.

We remand with directions for a hearing, of which appellant has reasonable notice, for the purpose of taking appellant's testimony.

Remanded.