## Nadine JONES *v.* DIRECTOR OF LABOR

E 82-262                                           650 S.W.2d 601

### Court of Appeals of Arkansas
Opinion delivered May 25, 1983

*Arthur Paul Bowen,* Central Arkansas Legal Services, for appellant.

*Alinda Andrews,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from the Board of Review's denial of unemployment benefits to an employee of the Jefferson Regional Medical Center of Pine Bluff.

Appellant was discharged for engaging in a fight with another employee, Amy Lowe, while they were both on duty

at the hospital. The agency denied benefits on the basis of misconduct in connection with the work, Ark. Stat. Ann. § 81-1106 (b) (2) (Repl. 1976), but the Appeal Tribunal found that appellant was acting in self-defense and allowed benefits under the authority of *Hodges* v. *Everett,* 2 Ark. App. 125, 617 S.W.2d 29 (1981). The board disagreed, found appellant's actions did constitute misconduct, and reversed the tribunal.

We remand to the board because it considered evidence that was not before the tribunal, contrary to our holding in *Mark Smith* v. *Everett,* 6 Ark. App. 337, 642 S.W.2d 320 (1982) (review denied by the Supreme Court on January 10, 1983). We would not remand if we could find that the appellant was not prejudiced by this additional evidence. *Aaron* v. *Everett,* 6 Ark. App. 424, 644 S.W.2d 301 (1982). We fear, however, that prejudice did result and are especially concerned by a letter from the hospital's attorney which told the board that the same Appeal Tribunal referee who heard appellant's claim for unemployment benefits had heard Amy Lowe's claim for benefits and did not find that Lowe was the aggressor in the altercation. This information was furnished in spite of the fact that appellant's attorney had objected to the suggestion that the board listen to the taped testimony of Lowe's Appeal Tribunal hearing. Something convinced the board to decide contrary to the tribunal's decision and, under all the circumstances, we think it best to remand this matter in keeping with the *Mark Smith* case.

In view of the remand and because of some colloquy at oral argument, we take this occasion to amplify our *Mark Smith* decision.

We may have made an unhappy choice of words when we said in that case that the board "does not have the jurisdiction to accept additional evidence in appeals pending before it." We recognize that Ark. Stat. Ann. § 81-1107 (d) (3) (Repl. 1976) provides the board, on appeal, may decide upon the evidence previously submitted or on such additional evidence *as it may direct to be taken* and that § 81-1107 (d) (7) (Supp. 1981) provides the Court of Appeals, on appeal

from the board, *may order* additional evidence to be taken before the board.

Because of these provisions, it may not be entirely accurate to say the board "does not have the jurisdiction to accept additional evidence in appeals pending before it." These provisions, however, were not involved in *Mark Smith* and are not involved here. This court did not order additional evidence to be taken before the board and, as we interpret the phrase, the board did not direct additional evidence to be taken. We think that phrase means additional evidence directed to be taken at some hearing, conducted by the board or someone designated by the board, at which witnesses could appear and opportunity for cross-examination could be afforded.

Remanded for proceedings consistent with this opinion.