HELENA-WEST HELENA SCHOOL DISTRICT *v.*
Dewey STILES,
Director of Labor, and Edward EVANS

E 84-90                                                688 S.W.2d 326

Court of Appeals of Arkansas
Division I
Opinion delivered May 1, 1985

*David Solomon*, for appellant.

*Allan Pruitt*, for appellee Dewey Stiles, Director of Labor.

*Sam Whitfield, Jr.*, for appellee Edward Evans.

TOM GLAZE, Judge. Appellant, Helena-West Helena School District, is appealing a decision of the Board of Review awarding benefits to the claimant after finding that he was terminated for

reasons other than misconduct in connection with his work. Ark. Stat. Ann. § 81-1106(b)(1) (Supp. 1983). Claiming it received no notice of the Board's hearing at which the claimant was awarded benefits, appellant asks this Court to remand this cause and afford it the opportunity to present evidence to the Board to show that claimant was discharged for misconduct related to his work.

Claimant was a school teacher who was terminated on November 22, 1983, after being on probation for about a month. The claimant filed for unemployment benefits and was found ineligible. He appealed the agency decision and the appeal tribunal set a hearing for January 10, 1984. Claimant's attorney could not be present and asked for a postponement. Instead, the appeal tribunal on January 25, 1984, entered a default judgment against the claimant as a result of his failure to appear at the January 10 hearing. Claimant appealed the default judgment to the Board of Review which scheduled a hearing for March 21, 1984. Claimant's attorney again was unable to be present, but the employer-representative agreed to claimant's request for postponement. On April 4, 1984, an appeals referee conducted a telephone hearing for the Board of Review, and on this occasion, the appellant/employer was not represented. As a result of the April 4 hearing, the Board of Review, on May 17, 1984, entered its decision reversing the appeal tribunal and finding the claimant was discharged for reasons other than misconduct connected with the work. On appeal, appellant claims that it received neither notice of the April 4 hearing nor a copy of the May 17 decision of the Board of Review.[1]

Under Ark. Stat. Ann. § 81-1107(d) (Supp. 1983), the Board of Review is required to promptly notify the parties to any proceeding before it of its decision, including its findings and conclusions in support thereof. Furthermore, appeal tribunals and the Board of Review are mandated by law to conduct hearings and appeals in a manner that will determine the substantial rights of the parties. If they fail to do so, we have a correlative duty to remand these cases to require it to be done. *Mark Smith* v. *Everett*, 6 Ark. App. 337, 339-B, 642 S.W.2d 320,

---

[1] The transcript at page 2 reflects that a copy of a notice of the April 4 hearing was mailed to Helena-West Helena School, 216 Biscoe, Helena, Arkansas 72342, but the word NO (with no further explanation) is inscribed above the appellant's name and address.

322 (1982). Accordingly, in cases when the Board denied claimants the opportunity of a hearing to explain that their untimely appeals were caused by circumstances beyond their control, we have remanded, stating due process requires the claimants be afforded a hearing on their contentions. *E.g., McBride* v. *Daniels*, 269 Ark. 705, 600 S.W.2d 425 (1980); *Paulino* v. *Daniels*, 269 Ark. 676, 599 S.W.2d 760 (1980). We believe this same due process requirement should be extended the appellant/employer in the instant case. Here, the appellant clearly was not present at the April 4 hearing when the claimant presented his side of the case. The appellant contends that its absence resulted from its not receiving notice, but no hearing has been held on this notice issue. Therefore, we remand to determine whether or not notice was given to the appellant of the April 4 hearing.

Remanded.

COOPER and CLONINGER, JJ., agree.