Aristal ATKINSON *v.* DIRECTOR OF LABOR

E 84-146                                                696 S.W.2d 777

Court of Appeals of Arkansas
Division I
Opinion delivered October 2, 1985

56

*B. Dewey Fitzhugh*, for appellant.

*Allan Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Board of Review holding that the appellant was discharged for misconduct and therefore not entitled to receive unemployment compensation. The statute involved, Ark. Stat. Ann. § 81-1106(b)(2) (Repl. 1976), is Section 5(b)(2) of the Arkansas Employment Security Act and provides that a claimant shall be disqualified for benefits if he is discharged "for misconduct in connection with the work on account of dishonesty. . . ."

The decision of the Board issued on September 12, 1984, contained the following summary of the evidence before it:

> The claimant was discharged on March 20, 1984 for alleged theft of the employer's property and dishonesty. The employer-representative, Ronnie Kooer, testified that the claimant asked him to wrap a roll of carpet on March 20, 1984 without first presenting the required tickets. The employer-representative stated that he refused this request. According to Kooer's testimony, the claimant then had three explanations for the lack of written authorization. First, the claimant stated that the carpet was a gift from Mr. Tillman [the employer's vice-president]. Secondly, the claimant indicated that he purchased the carpet

from another business. Finally, the claimant denied these accounts and stated that he moved the carpet to its present location to discover who was stealing from the employer. The claimant testified that this roll of carpet was a gift from Mr. Tillman. Mr. Tillman denied this.

The employer-representative, John Shear, testified that other goods missing from the employer's place of business have been traced to the claimant's possession, i.e. one six foot roll of sundial vinyl, 4 cartons of tile and a roll of beige carpet. The claimant testified that he purchased these items over two and one-half years ago. The claimant stated twenty-five dollars was withheld from his paycheck every two weeks to pay for the goods. The employer-representative, Reva Sims, testified that there are no business records substantiating the claimant's statements. Furthermore, John Shear testified the cartons of tile have serial numbers on them indicating their date of manufacture as September 19, 1983. These same cartons were received by the employer on October 14, 1983 and the employer's business records indicate that they should still be in inventory.

On appeal, appellant's counsel first argues that there is no factual basis in the record to support the Board's statement that "the claimant stated that the carpet was a gift from Mr. Tillman." Counsel has overlooked this testimony of Ronnie Kooer on page 54 of the transcript: "Another story that he told me was that Mr. Tillman had given him the roll and no one else was suppose to know . . . ." Although the *appellant* testified that he purchased the carpet from his employer, the Board's summary of Ronnie Kooer's testimony is an accurate summary of the testimony given by that witness.

Appellant's second argument is that the Board improperly relied upon the evidence set out in its summary about other items missing from the employer's inventory and traced to the appellant's possession. It is the appellant's contention that since Mr. Tillman admitted that the finding of these other items had nothing to do with his decision to terminate appellant's employment, the Board's reliance upon this evidence injected a new issue into the case that the claimant had no opportunity to rebut.

Appellant says this is contrary to our decision in *Linscott* v. *Director of Labor*, 9 Ark. App. 103, 653 S.W.2d 150 (1983).

In *Linscott* the appellant's claim for unemployment benefits had been denied by the agency on the basis that he had been discharged for misconduct in connection with his work and was therefore disqualified for benefits under Section 5(b)(1) of the Employment Security Act. On appeal to the Appeal Tribunal this disqualification was affirmed. However, on appeal to the Board of Review the Board found that he had voluntarily quit his job without good cause connected with the work and the appellant was held disqualified under Section 5(a) of the Act. We held that the injection of the voluntary quit issue for the first time in the Board's decision "effectively denied appellant proper notice of the disputed issue" and we reversed and remanded for a new hearing.

However, the situation here is not like the situation in *Linscott*. The issue here is whether the appellant was discharged for "misconduct in connection with the work on account of dishonesty" under Section 5(b)(2) of the Act. This was the issue involved in the agency decision and the same issue has been involved throughout the whole appeal process. At the very first hearing before the Appeal Tribunal there was evidence concerning these other items missing from the employer's inventory and traced to appellant's possession. In keeping with our decision in *Jones* v. *Director of Labor*, 8 Ark. App. 234, 650 S.W.2d 601 (1983), the Board directed that additional evidence be taken by a referee of the Appeal Tribunal and again there was evidence introduced concerning these missing items traced to appellant's possession. Appellant's counsel was present at this hearing and cross-examined the employer's witnesses about this matter, and the appellant himself testified about it. Furthermore, prior to the second hearing, appellant's counsel had been furnished a copy of the transcript of the first hearing. Thus, it is clear that the evidence in question did not inject a new issue into the case that appellant had no opportunity to rebut.

On appeal to this court it is our duty to affirm the decision of the Board if its decision is supported by substantial evidence. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978). We think there is substantial evidence to support the

Board's decision in this case.

Affirmed.

CRACRAFT, C.J., and GLAZE, J., agree.