Thomas FRY *v.* DIRECTOR OF LABOR

E 85-11                                698 S.W.2d 816

Court of Appeals of Arkansas
Division I
Opinion delivered November 20, 1985

*Paul Johnson*, for appellant.

*Allan Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a denial of unemployment benefits. The appellant was employed by a Little Rock company as a truck driver in October of 1982 and he resigned on August 13, 1984. Appellant applied for unemployment compensation on the basis that he had been forced to resign because of the harassment of his family by his employer. Finding that appellant had left his job without good cause connected with the work, the agency denied benefits. That decision was appealed to the Appeal Tribunal.

At the hearing before the tribunal, the appellant testified that when he was in town the company wouldn't give him the messages his wife left when she called and, when he was out of state, the company would not give her a phone number where she could get in touch with him. He said sometimes "they" would tell

him his wife called when she had not and sometimes "they" would tell him she said things she had not said. He testified that he finally got tired of all the harassment and "just quit."

The employer's general manager testified that appellant was aware when he was hired that he would be required to spend a lot of time out of town; that appellant had always been one of the top money-makers in the company; and that appellant's wife was the one who did the harassing. Another employee testified that appellant "had been having family problems" at the time he quit work.

The appeals referee affirmed the agency's denial of benefits and appellant appealed to the Board of Review. His petition for appeal asked that the case be remanded to the Appeal Tribunal for the presentation of additional evidence. This additional evidence was identified as documents from the Equal Employment Opportunity Commission (EEOC) and a letter from a doctor. The petition stated this additional evidence was material because "when I quit I was sick with my nerves from working for 2 wks without any time off." The petition also stated that appellant had reported his employer to the EEOC and the Department of Transportation and, because of this, lies were told at the Appeal Tribunal hearing to prevent him from drawing unemployment benefits.

The reason appellant gave for not offering this additional evidence at the hearing was "because I did not have the letters to prove it." Submitted to the Board of Review, apparently with the petition for appeal, was additional evidence, in the form of a statement from appellant's doctor and some documents from the Equal Employment Opportunity Commission. The doctor's statement said nothing about appellant's nerves and the EEOC documents gave appellant the right to sue his employer for racial and age discrimination but stated the evidence indicated there was no reasonable cause to believe such discrimination had occurred.

The Board of Review notified appellant by letter that his appeal had been placed on the docket but that "pursuant to the Arkansas Court of Appeals decision in *Mark Smith* v. *Everett*, 6 Ark. App. 337, 642 S.W.2d 320 (1982), the Board of Review is without jurisdiction to accept additional evidence in appeals

pending before it. Therefore, no further evidence can be submitted." After due consideration, the board made a finding that appellant voluntarily left his last work without good cause in connection with the work, and the decision of the Appeal Tribunal was affirmed.

On appeal to this court, the appellant's only contention is that the Board of Review erred in refusing to accept any evidence other than that which was previously submitted before the Appeal Tribunal. We do not agree.

In *Mark Smith* v. *Everett, supra*, we stated:

As a part of this decision, we further hold that the Board does not have the jurisdiction to accept additional evidence in appeals pending before it.

However, in *Jones* v. *Director of Labor*, 8 Ark. App. 234, 650 S.W.2d 601 (1983), we circumscribed that statement as follows:

We may have made an unhappy choice of words when we said in that case that the board "does not have the jurisdiction to accept additional evidence in appeals pending before it." We recognize that Ark. Stat. Ann. § 81-1107(d)(3) (Repl. 1976) provides the board, on appeal, may decide upon the evidence previously submitted or on such additional evidence *as it may direct to be taken* and that § 81-1107(d)(7) (Supp. 1981) provides the Court of Appeals, on appeal from the board, *may order* additional evidence to be taken before the board.

And we added in *Jones* that the phrase "may order additional evidence to be taken before the board" means additional evidence directed to be taken at some hearing, conducted by the board or someone designated by the board, at which witnesses could appear and opportunity for cross-examination could be afforded.

In *Maybelline Co.* v. *Stiles, Director of Labor*, 10 Ark. App. 169, 661 S.W.2d 462 (1983), the claimant had been discharged for violation of company rules, i.e., leaving her duty station without permission. A hearing had been held at which the claimant testified that when the line was down (not operating for maintenance or repair), employees were permitted to leave without permission. She testified she had only gone to the toilet

while the line was down and that it was still down when she returned. After a determination that the claimant was eligible for benefits, the employer appealed to the Board of Review and submitted additional evidence to show that the line had not been down on the day in question. The board affirmed the decision of the referee and did not consider the additional evidence, citing *Mark Smith* v. *Everett, supra.* On appeal to this court, the employer argued that the board erred by failing to order a new hearing to receive the new evidence. We affirmed the decision of the board, stating on this point:

> Although it is within the discretion of the Board of Review to direct that additional evidence be taken, Ark. Stat. Ann. § 81-1107(d)(3) (Supp. 1983), nothing in the law requires a second hearing so long as each side has notice of and a fair *opportunity* to rebut the evidence of the other party.

In the instant case, the Board of Review was correct when it informed appellant it could not accept additional evidence "in appeals" pending before it. Of course, the board could have ordered another hearing for the taking of additional evidence, but this is within the board's discretion. We find no abuse of that discretion in this case because (1) the additional evidence described in appellant's petition for appeal to the Board of Review concerned reasons for quitting his job that were not even mentioned in his testimony at the hearing before the Appeal Tribunal, (2) the board was given no valid explanation of why he had not testified that when he quit work he was "sick with his nerves" from working for two weeks without any time off, and that the company employees were lying because he had reported the company to the EEOC and the Department of Transportation, and (3) the documentary evidence submitted to the board could only lend cumulative support to evidence the appellant failed to give before the Appeal Tribunal.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.