FORET, Judge.
This is a claim for unemployment compensation benefits. Plaintiff filed a claim with the Office of Employment Security for unemployment compensation benefits which was denied on the basis that he was discharged from his job with Gulf National Bank because of misconduct. The Appeals Referee upheld the Agency’s initial determination and the Board of Review of the Department of Unemployment Compensation denied his claim. Plaintiff then sought judicial review in the Fourteenth Judicial District Court, which also denied his claim. Plaintiff has appealed to this Court. The Office of Employment Security of the Department of Labor has filed a brief in this matter and, along with plaintiff, seeks a reversal of the Agency’s determination, the Referee’s determination, and that of the district court. Thus, Gulf National Bank, claimant’s former employer, is the only party opposing payment of benefits to claimant.
The findings of fact, as determined by the Board of Review, are as follows:
“The claimant worked for the named employer about four years to July 15, 1985, as a Porter/Messenger. He worked a regular schedule of 7:00 a.m. to 6:00 p.m., Monday through Friday. The employer has a general policy stating that employees should conduct themselves in a proper manner at all times. The employer felt this included altercations with co-workers and others. About February 1985, the claimant was involved in an incident at work that resulted in an altercation between the claimant and another employee. The claimant initiated this incident and was counselled at that time that any further altercations could result in his termination.
*719 On the evening of Friday, July 12, 1985, all bank employees were asked to attend a meeting at the Sheraton Chateau Charles Hotel to be advised of changes in banking policies with the change in ownership. Drinks were served during this function. At the end of the function, the claimant attempted to have someone else drive a fellow employee home because he appeared too intoxicated to drive on his own. The worker was not agreeable to the claimant’s interference. Words were exchanged between the two. The claimant went to leave, but could not leave immediately because this co-worker was leaning against the back of his car. The claimant told him to move; this co-worker then came around reaching through the open car door, grabbing the claimant about the throat. . The claimant struck back to break this co-worker’s hold, and then proceeded to continue hitting him, including the period when he was atop the co-worker on the ground. He did not remember anything of the blows that were struck, or the damage done until other workers at the scene were telling the claimant to stop because this coworker was bleeding severely. At that, the claimant realized what had happened, and he then got off the co-worker and walked around in the area. He remained in the area for about five minutes until he saw the co-worker returning with a gun. At that time, he fled. Others in the area were questioned as to what had happened and the decision was made on Monday, July 15, 1985, that based on the previous incident of improper behavior by the claimant, and this incident in which the employer felt the claimant extended beyond the initial actions of defending himself to the point of aggressively hitting the other employee, that his actions could not be condoned. Both employees were terminated.”
The Office of Employment Security of the Department of Labor contends that the decisions of the trial court, Board of Review, and Appeals Referee were improper in that they were based entirely on hearsay and were not supported by sufficient competent evidence. Because of our following analysis of the case, and the result reached, we need not discuss this issue.
The claimant and the Office of Employment Security have also presented for review the issue of whether or not the actions of the claimant in protecting himself against the physical assault of an intoxicated assailant constituted legal misconduct which would disqualify the claimant from receiving unemployment benefits. We find that the actions of the claimant did not constitute legal misconduct.
LSA-R.S. 23:1601(2) provides that an individual shall be disqualified for benefits if the administrator finds that he has been discharged by his employer for misconduct connected with his employment. The Louisiana Supreme Court has ■ construed the definition of disqualifying misconduct as follows:
“... the ‘misconduct’ must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees.” Ckarbonnet v. Gerace, 457 So.2d 676 (La.1984).
Louisiana jurisprudence has further stated that the word “misconduct” under unemployment compensation law is used to connote intentional wrongdoing. Dawkins v. Sumrall, 424 So.2d 407 (La.App. 2 Cir.1982). Here, we cannot say that there was any disregard of plaintiff’s employer’s interest, nor any intentional wrong behavior. This plaintiff acted under a reasonable belief that there was a real danger. While he might have gone beyond the real necessity of his defense after he broke the choke-hold, it is clear, after reviewing the Referee’s opinion, that appellant was reacting from the heat of battle and did not have in mind the purpose of bringing about the given consequences. In part, the opinion of the Referee states that:
“The claimant began to strike the coworker, and although there were blows thrown at him, he was not conscious of the amount or severity of blows that he struck to this co-worker until this was brought to his attention by others on the *720 scene who attempted to break up the fight.”
In our view, the misconduct involved was not such that plaintiffs claim for unemployment compensation benefits should be denied under the law and jurisprudence. The trial court erred in affirming the rulings of the administrative agency which denied the claimant his just due benefits.
Accordingly, the judgment of the lower court is reversed, and judgment is rendered declaring that plaintiff is not disqualified from unemployment compensation benefits because of misconduct connected with his work. The case is remanded to the Agency for a determination of the benefits due and for further proceedings.
Costs of these proceedings and at the trial level are assessed against Gulf National Bank.
REVERSED AND REMANDED.