LINDA F. RIAS, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOY-
MENT SECURITY *et al.*, Defendants-Appellants.

First District (3rd Division)   Nos. 1—88—0101, 1—88—0241 cons.

Opinion filed August 9, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Respicio F. Vazquez, Assistant Attorney General, of Chicago, of counsel), for appellants.

Ron Fritsch, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff Linda F. Rias filed a claim for unemployment compensation benefits after she was discharged by her employer, Admiral Maintenance Company, for fighting on the job. A claims adjudicator for defendant Illinois Department of Employment Security (the Department) denied plaintiff's claim for unemployment compensation benefits

following a determination that plaintiff had violated a known and reasonable rule of her employer against fighting. Plaintiff appealed this determination and a hearing was held before a referee of the Department. The referee found that plaintiff fought only to defend herself from an unprovoked attack by a co-worker and that plaintiff was eligible to receive unemployment compensation benefits. Plaintiff's employer then appealed to the Board of Review (the Board), which held that plaintiff was discharged for misconduct connected with her work and was ineligible to receive unemployment compensation benefits. Plaintiff then filed a complaint in the circuit court of Cook County, Illinois, for administrative review of the Board's decision. Judge Lucia T. Thomas of the circuit court found that the decision of the Board was against the manifest weight of the evidence and that plaintiff was entitled to the unemployment compensation benefits. The Board, the Director of the Department, the Department, and plaintiff's employer (referred to collectively as the defendants) have appealed the decision of the circuit court. We affirm.

The evidence adduced at the hearing before the referee follows.

Plaintiff was employed by Admiral Maintenance Company from September 1983, until February 18, 1987. She was assigned to work at Loyola Hospital as a janitress. On February 18, 1987, plaintiff was returning from her locker after her break when she passed Sharon King, a co-worker, in the hallway. Sharon King turned to plaintiff and said, "Linda, you hit my arm." Plaintiff had not touched Sharon. Sharon had actually brushed against something that was sticking out of the pocket in plaintiff's smock. Plaintiff looked at Sharon, who then walked up to her and pushed her toward the wall. Plaintiff then said to Sharon, "[W]hat do you want to make of it, I wasn't looking, what do you want to make of it[?]" Sharon again pushed plaintiff toward the wall. Plaintiff did not have an opportunity to withdraw. Plaintiff hit Sharon in the face and a physical altercation ensued. After four or five minutes, a security officer intervened and stopped the fight. Plaintiff and Sharon King were suspended pending an investigation and were later discharged.

Plaintiff was given company rules and regulations when she was hired. She was aware that it was a violation of these rules and regulations to participate in any physical altercation at work.

At the conclusion of the hearing, the referee found that plaintiff was physically attacked by a co-worker at work, without provocation. The referee also found that plaintiff was unable to withdraw and fought to defend herself. The referee noted that Admiral Maintenance Company did not present any testimony to contradict plaintiff's testi-

mony that she fought in self-defense. The referee concluded that plaintiff did not willfully disregard her employer's interest and that plaintiff was eligible to receive unemployment benefits.

The Board elected not to hear additional evidence from the parties. It reviewed the record before the claims adjudicator and the referee and made the following findings:

> "The evidence established that the claimant accidently [sic] brushed the shoulder of a co-worker on her last day of work and when the co-worker objected, the claimant replied 'do you want to make something of it[?]' That [sic] the co-worker then pushed the claimant into the wall [sic] a fight ensued. The claimant contended that she was acting in self defense when she hit the co-worker in the face. The altercation took place in the corridor, which was the doorway of the hall. In response to the Referee's question, 'were you unable to withdraw[?]' the claimant replied 'no, I wasn't.' Based on the totality of the evidence, the claimant could have withdrawn and avoided the physical conflict but chose to remain as a defiant gesture. As such, it must be held that she was a participant in the fight and was subject to the consequences as was [sic] stated in the employers [sic] known rules.
>
> Accordingly, we conclude that the claimant was discharged for misconduct connected with the work and, therefore, was subject to a disqualification of benefits *** under the provisions of Section 602A of the Illinois Unemployment Insurance Act."

■ It is well settled in Illinois that the findings and conclusions of an administrative agency on questions of fact are *prima facie* true and correct. (*Pesce v. Board of Review* (1987), 161 Ill. App. 3d 879, 881, 515 N.E.2d 849; *Profice v. Board of Review* (1985), 135 Ill. App. 3d 254, 257, 481 N.E.2d 1229.) The function of a court of review is limited, therefore, to ascertaining whether the decision of the administrative agency is against the manifest weight of the evidence. (*Ferretti v. Department of Labor* (1987), 115 Ill. 2d 347, 353, 506 N.E.2d 560; *Profice*, 135 Ill. App. 3d at 257; *Sheff v. Board of Review, Illinois Department of Labor* (1984), 128 Ill. App. 3d 347, 350, 470 N.E.2d 1044.) Where it appears that the agency's findings are not supported by substantial evidence, they will be reversed. *Galarza v. Department of Labor* (1987), 167 Ill. App. 3d 163, 168, 520 N.E.2d 672; *Gee v. Board of Review* (1985), 136 Ill. App. 3d 889, 895, 483 N.E.2d 1025.

As stated above, Judge Lucia T. Thomas found that the Board's findings were against the manifest weight of the evidence. We agree.

■ Plaintiff was the only eyewitness to testify at the hearing be-

fore the referee.[1] She testified that Sharon King pushed her toward the wall and that she was unable to withdraw to a place of safety. She explained the situation thus:

> "[S]he pushed me first when I said well Sharon what do you want to make of it, so she pushed me, so I wasn't to the wall, so she's like I want to make something out of it, whether I couldn't move, there was no space for me like to walk at all because she was right there on me."

Plaintiff also testified that she did not do anything to precipitate the altercation and that she fought to defend herself.

Although the altercation took place in the hallway, there was no testimony to support the Board's finding that plaintiff could have withdrawn to a place of safety.[2] There was also no testimony to support the findings that plaintiff brushed Sharon King's shoulder, that plaintiff provoked the fight and that plaintiff "chose to remain" and fight as a "defiant gesture." We therefore reject these findings of fact.

Our analysis cannot stop at this point, however, since plaintiff did violate her employer's rule against fighting at the workplace. We must determine whether plaintiff's conduct was such that she should be de-

---

[1]Minnie Sampel Davis, the director of housekeeping for Admiral Maintenance Company, participated in the hearing before the referee. However, it was established that Ms. Davis had not witnessed the fight which led to plaintiff's discharge.

[2]The Board based its finding that plaintiff could have avoided the altercation upon plaintiff's testimony at the hearing before the referee:

> "Q. I take it then in support of your appeal then Ms. Rias, it's your contention as you stated in the local unemployment office that you were defending yourself, is that correct?
>
> A. That's very correct.
>
> Q. And that you were unable to withdraw?
>
> A. *No, I wasn't.*
>
> Q. You testified that you were pushed by your co-worker to the wall, is that correct?
>
> A. That's correct." (Emphasis added.)

The Board claims that plaintiff's answer, "No, I wasn't" meant "No, I was not unable to withdraw" and was thus an admission that plaintiff could have withdrawn to a place of safety. It is clear, however, that plaintiff was testifying that she was unable to withdraw and that she was acting in self-defense. Moreover, the Board has ignored the fact that plaintiff testified throughout the hearing that she was unable to withdraw. The Board has also ignored the finding of the referee that plaintiff was unable to withdraw. While the Board is required to make an independent assessment of the evidence, the Board is also required to give consideration to the findings of the referee (*Neville v. Board of Review* (1986), 143 Ill. App. 3d 548, 551, 494 N.E.2d 512; *Gregory v. Bernardi* (1984), 125 Ill. App. 3d 376, 380-81, 465 N.E.2d 1052.) The interpretation that the Board seeks to impose upon the answer quoted above is contrary to the finding of the referee and is unreasonable.

nied unemployment compensation benefits.

Section 602(A) of the Unemployment Insurance Act states as follows:

> "An individual shall be ineligible for benefits for the week in which he has been discharged for misconduct connected with his work and, thereafter, until he has become reemployed and has had earnings equal to or in excess of his current weekly benefit amount in each of four calendar weeks ***." (Ill. Rev. Stat. 1985, ch. 48, par. 432(A).)

Our supreme court has defined "misconduct connected with *** work" which would disqualify a claimant from receiving unemployment benefits. (See *Jackson v. Board of Review* (1985), 105 Ill. 2d 501, 475 N.E.2d 879.) The court quoted *Boynton Cab Co. v. Neubeck* (1941), 237 Wis. 249, 259-60, 296 N.W. 636:

> " '[T]he intended meaning of the term "misconduct" *** is limited to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.' " (*Jackson*, 105 Ill. 2d at 511-12.)[3]

The court further stated:

> "Every violation of a company rule will not constitute misconduct. The rule must be a reasonable rule governing the conduct or performance of an employee. There must be some nexus between the rule and the employment. *** [Citation.] Thus a reasonable company rule or order governing the conduct and performance of an employee which directly concerns the employment constitutes 'standards of behavior which the employer has the right to expect of his employees,' as that phrase

---

[3]Section 602(A) was subsequently amended to include the following definition of misconduct:

> "For purposes of this subsection, the term 'misconduct' means the deliberate and willful violation of a reasonable rule or policy of the employing unit, governing the individual's behavior in performance of his work, provided such violation has harmed the employing unit or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employing unit." Ill. Rev. Stat. 1987, ch. 48, par. 432(A) (effective January 1, 1988).

is used in the definition of misconduct quoted above. In addition to the existence of such a rule, it must be shown that the breach of the rule is deliberate or its equivalent, as stated in the above-quoted definition." *Jackson*, 105 Ill. 2d at 512-13.

■ As stated above, plaintiff violated her employer's rule against fighting at the workplace. However, plaintiff testified that Sharon King pushed her toward the wall and that she was unable to withdraw. Plaintiff also testified that she fought to defend herself. There is no evidence that plaintiff deliberately violated her employer's rule or that she willfully disregarded her employer's interests. Furthermore, plaintiff's conduct cannot be characterized as "negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." We therefore conclude with Judge Thomas that the Board was incorrect in its determination and that plaintiff is entitled to receive unemployment compensation benefits. See *Hodges v. Everett* (1981), 2 Ark. App. 125, 617 S.W.2d 29 (self-defense is a right the exercise of which cannot be said to be an act of wanton or willful disregard of the employer's interest); *Anderson v. Florida Unemployment Appeals Comm'n* (Fla. App. 1987), 517 So. 2d 754 (striking a retaliatory blow did not constitute misconduct connected with work which would preclude claimant from receiving unemployment benefits); *Davis v. Florida Unemployment Appeals Comm'n* (Fla. App. 1985), 472 So. 2d 800 (claimant was entitled to benefits where co-worker precipitated the entire incident by physically assaulting and verbally abusing claimant); *Collins v. Blache* (La. App. 1987), 509 So. 2d 718 (claimant did not disregard his employer's interest where claimant acted under a reasonable belief that claimant was in danger); *Georgia-Pacific Corp. v. Employment Division* (1975), 21 Or. App. 135, 533 P.2d 829 (claimant, although not blameless, did not strike the first blow in the scuffle, and his conduct was not so seriously improper as to disqualify him from receiving benefits under the employment law); *Peeples v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review* (1987), 104 Pa. Commw. 504, 522 A.2d 680 (claimant was justified in using reasonable force in self-defense).

For the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI and CERDA, JJ., concur.