ARKANSAS GAME & FISH COMMISSION *v.*
DIRECTOR OF LABOR

E 90-249                                    821 S.W.2d 69

Court of Appeals of Arkansas
Division I
Opinion delivered January 8, 1992

*P. Douglas Mays*, for appellant.

*Ronald A. Calkins*, for appellee.

ELIZABETH W. DANIELSON, Judge. This is an appeal from a decision of the Board of Review awarding benefits to claimant after finding he was dismissed from his job for reasons other than misconduct connected with the work. Appellant contends on appeal that the Board made an erroneous conclusion of law when it disallowed the taking of additional testimony, because it stated its lack of jurisdiction as the basis for the denial. Our review of the record shows that the Board's reference to its lack of jurisdiction dealt with nonacceptance of information contained in appellant's letter of appeal, not with its authority to order another hearing for the taking of additional evidence. We find no error and affirm.

Claimant had been a twenty-one year employee of appellant and had worked in the law enforcement division during his last year of employment. He testified that while at the firing range, he saw some extra gun belts and asked the range officer if he could have one. The range officer told him he could not because he needed them for the range. Claimant says he then made arrangements with the range officer to trade in a belt he had at home for one of those the range officer had. His understanding was that he was to bring the other gun belt in the next time he was at the firing range, where he went periodically for training. Shortly after claimant took the gun belt from the range, he went on a two week vacation, then a flood occurred which temporarily stopped immediate access to the range. Sometime during this time frame, appellant began its investigation of the incident and subsequently

discharged claimant for misconduct in removing the gun belt from the range.

The agency denied claimant benefits, but this decision was reversed by the Appeal Tribunal, which found that the claimant was discharged from his last work for reasons other than misconduct connected with the work. The hearing before the Appeal Tribunal was a telephone hearing in which the claimant testified in his own behalf and the employer was represented by Bill Howell, assistant chief for appellant. Noting that the range officer did not testify, the Appeals Tribunal found the testimony presented by the claimant to be the most credible. In affirming this decision, the Board of Review said that while the employer might have felt justified in discharging the claimant, a preponderance of the evidence failed to establish anything more than a possible misunderstanding as to the procedure for obtaining the belt and holster from the employer.

In its letter of appeal to the Board, appellant stated it believed the Board should hear the testimony of the range officer and two other witnesses for appellant. Appellant stated the testimony was not offered at the telephone hearing because the notice provided to appellant did not specify that these people should be available. In its standard reply letter, the Board said: "Please be advised that pursuant to the Arkansas Court of Appeals decision in *Mark Smith* v. *Everett*, 6 Ark. App. 337, 642 S.W.2d 320 (1982), the Board of Review is without jurisdiction to accept additional evidence in appeals pending before it. Therefore, no further evidence can be submitted." Appellant then sent another letter, in which it requested an additional hearing to take the testimony of its three witnesses who did not testify at the telephone hearing. This request was not granted.

■■ It is well settled that the Board of Review may order another hearing for the taking of additional evidence in appeals pending before it, but this is discretionary with the Board. *See* Ark. Code Ann. § 11-10-525 (1987); *Jones* v. *Director of Labor*, 8 Ark. App. 234, 650 S.W.2d 601 (1983); *Fry* v. *Director of Labor*, 16 Ark. App. 204, 698 S.W.2d 816 (1985). An order that additional evidence be taken is to be differentiated from acceptance by the Board of new evidence offered in a party's letter of appeal. The Board was correct in informing appellant that it

could not accept additional evidence "in appeals" pending before it; any such evidence would have to be offered in an additional hearing, in which the other party would have a chance to respond to it. *See Fry*, 16 Ark. App. 204, 698 S.W.2d 816; *Smith*, 6 Ark. App. 337, 642 S.W.2d 320. Appellant misunderstood the Board's statement regarding its lack of jurisdiction to mean it had no jurisdiction to order an additional hearing, while in fact the Board was referring to its lack of jurisdiction to accept new evidence offered in the appellant's letter of appeal. The Board did not make an erroneous conclusion of law in its statement concerning its lack of jurisdiction.

Although the Board may order another hearing for the taking of additional evidence, this is discretionary with the Board and a second hearing is not required so long as each side has notice of and a fair opportunity to rebut the evidence of the other party in the first hearing. *See Fry*, 16 Ark. 204, 698 S.W.2d 816; *Maybelline Co.* v. *Stiles*, 10 Ark. App. 169, 661 S.W.2d 462 (1983). Appellant contends that the notice it received did not specify that all witnesses were to be present. The notice received by appellant provided: "If you have witnesses you want to participate in the hearing, it is your responsibility to notify the Tribunal of their names and addresses if they are to be subpoenaed. This information should be supplied immediately upon receipt of this notice, as it may take some time to process the subpoenas." The notice did not imply all witnesses were not necessary; in fact, it also stated: "The Referee cannot accept any evidence after the hearing is closed unless the case has been held open by the Referee." We believe this is sufficient notice that witnesses should be present at the hearing. Appellant states that it felt the one witness would be sufficient since it was a telephone hearing. This was obviously a tactical decision and cannot be blamed on the notice provided. Since appellant was represented at the hearing and had ample opportunity to cross-examine the claimant and rebut his testimony, it was not denied a fair opportunity to present its case and no additional hearing was required.

Affirmed.

COOPER and MAYFIELD, JJ., agree.