Robert WAGNER *v.* DIRECTOR, Employment Security
Department

E 93-145                                   869 S.W.2d 22

Court of Appeals of Arkansas
En Banc
Opinion delivered September 22, 1993

*W. Hunter Williams, Jr.*, for appellant.

*Ronald A. Calkins*, for appellee.

PER CURIAM. Appellant Robert Wagner has appealed a decision of the Arkansas Board of Review dated May 20, 1993, which denied his claim for unemployment compensation. Wagner represented himself pro se before the Appeal Tribunal and Board of Review. Following an adverse decision by the Board of Review he retained an attorney and appealed to this court.

On June 28, 1993, Wagner filed a Motion for Remand so that he can introduce additional evidence. The crux of Wagner's motion is that the matter should be remanded for the taking of additional evidence because he was not represented by an attorney when he presented his proof before the Appeal Tribunal. However, a remand is not warranted unless the Board of Review failed to make a finding on a crucial issue, *Hayes* v. *Batesville Mfg. Co.*, 251 Ark. 659, 473 S.W.2d 929 (1971), or unless the hearing was not conducted in a manner conducive to a determination of the substantial rights of the parties. *Helena-West Helena School Dist.* v. *Stiles*, 15 Ark. App. 30, 688 S.W.2d 326 (1985). Wagner does not allege the presence of either of these

bases. Our administrative appeal process would suffer if a pro se claimant for unemployment benefits could obtain a remand solely because he chose to proceed without an attorney the first time through, and then, upon receiving an adverse decision, retravel the appeal procedure with an attorney.

Appellant's motion to remand is denied.

COOPER and MAYFIELD, JJ., dissent.

MELVIN MAYFIELD, Judge, dissenting. This is an appeal from the denial by the Arkansas Board of Review of the appellant's claim for unemployment compensation. Prior to the filing of the record on appeal by the Director of the Employment Security Department, the appellant filed a motion asking that we remand this matter to the Board of Review with directions that the Board remand to the Appeals Tribunal to allow appellant to submit additional evidence.

The majority of this court has today rejected appellant's request. I do not agree and issue this dissent to explain the reasons for my disagreement.

In the first place, the appellant's Notice of Appeal states that appellant had filed a motion with the Board of Review asking that this matter be remanded to the Appeals Tribunal to allow appellant to present additional evidence before the Tribunal. The reason for such request was that appellant was not represented by counsel at the hearing before the Appeals Tribunal and having now obtained an attorney the matter should be remanded to enable the attorney to present additional evidence for consideration.

My dissent does not argue the merits of that request, although this court has held that appellants in unemployment compensation cases are not required to follow all the rules with regard to appeals when they are not represented by counsel. *See Hunter* v. *Daniels, Director*, 2 Ark. App. 94, 616 S.W.2d 763 (1981). However, it is my position that this court should not have denied the appellant's motion to remand at this point. The remand issue was raised before the Board of Review, and since the Board's failure to remand will obviously be an issue argued when appellant files his brief after the record on appeal is filed by the appellee, I think we should simply pass the motion asking this

court to remand until the appellant's brief is filed and the appeal is presented on its merits. As matters now stand, we will have to decide essentially the same issue twice.

I also note that the motion to remand filed with the Board of Review was actually filed after the Board had decided the case on its merits. This does not, however, change the situation before us. The question on appeal before us will still be whether the Board should have remanded. So, whether we should remand to the Board will again be presented — and with more light than we have today — because as said in *Helena-W.Helena School Dist.* v. *Stiles*, 15 Ark. App. 30, 688 S.W.2d 326 (1985):

> [A]ppeal tribunals and the Board of Review are mandated by law to conduct hearings and appeals in a manner that will determine the substantial rights of the parties. If they fail to do so, we have a correlative duty to remand these cases to require it to be done.

15 Ark. App. at 31, 688 S.W.2d at 327.

The statutory rules applicable to the hearing and appeal of unemployment compensation cases are now found in Ark. Code Ann. §§ 11-10-524 through 11-10-530. Some cases dealing with the discussion in this dissent are *Arkansas Game & Fish Commission* v. *Director*, 36 Ark. App. 243, 821 S.W.2d 69 (1992); *Edward* v. *Stiles, Director*, 23 Ark. App. 96, 743 S.W.2d 12 (1988); *Fry* v. *Director*, 16 Ark. App. 204, 698 S.W.2d 816 (1985); *Roberts* v. *Everett, Director*, 8 Ark. App. 49, 648 S.W.2d 504 (1983).

I dissent from the failure of the majority to pass the appellant's motion to remand until the appeal is presented on its merits.

COOPER, J., joins in this dissent.