SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. E–14–52

| | |
|---|---|
| JEREMY BYERS<br><br>APPELLANT<br><br>V.<br><br><br>DIRECTOR, DEPARTMENT OF WORKFORCE SERVICES, and ARKANSAS DEPARTMENT OF HEALTH<br><br>APPELLEES | **Opinion Delivered** June 18, 2014<br><br>APPEAL FROM THE ARKANSAS BOARD OF REVIEW<br>[NO. 2013-BR–3418]<br><br><br><br><br>REVERSED AND REMANDED |

**ROBIN F. WYNNE, Judge**

Jeremy Byers appeals from a decision of the Board of Review (Board) in which the Board refused to consider additional evidence and denied his claim for benefits. We hold that the Board abused its discretion in refusing to consider the additional evidence, and we reverse and remand for additional proceedings.

Jeremy Byers worked as a night-shift triage operator for the Arkansas Department of Health's ConnectCare call center from September 4, 2012, until he was fired on September 12, 2013, on the grounds that he consistently failed to meet the requirements set for his job. Byers initiated the internal grievance process within the Arkansas Department of Health to contest his firing. The Department of Workforce Services denied benefits on October 7, 2013, pursuant to Arkansas Code Annotated § 11-10-514, based on its finding that Byers was discharged from last work for misconduct in connection with work. Byers filed a timely appeal

of the Department's determination. The Arkansas Appeals Tribunal (the Tribunal) affirmed the denial of benefits based on the evidence presented at the hearing on November 4, 2013. Byers filed an appeal of the Tribunal's decision on November 11, 2013, and included in that fax transmission the four-page Grievance Decision Form received by Byers and dated "11/5/2013." The Board affirmed the Tribunal's decision. In its opinion, the Board states:

> The claimant testified at the Tribunal hearing that he filed a grievance regarding his discharge and indicated in his appeal to the Board that he prevailed on the grievance. Nonetheless, the claimant did not provide the information regarding the grievance at the Tribunal hearing and this evidence was not before the Tribunal.

The Board's Instructions for Telephone Hearings given to Byers state that, "If you have exhibits (written documents) which you want included in the hearing, you should mail them as soon as possible so the Staff Attorney will receive them before the day of the hearing."

It is within the Board's discretion to direct the taking of additional evidence that was not before the Tribunal. Ark. Code Ann. § 11-10-525(c) (Supp. 2011). There must be an abuse of that discretion to reverse. *Fry v. Director*, 16 Ark. App. 204, 698 S.W.2d 816 (1985).

The Board's refusal to accept the Grievance Decision Form, which was not in Byers's possession until the day after the Tribunal hearing, was an abuse of discretion. Byers submitted new evidence at the first reasonable opportunity and in compliance with the Board's own instructions.

Reversed and remanded.

HIXSON and BROWN, JJ., agree.

*Jeremy Byers*, pro se appellant.

*Phyllis Edwards*, Associate General Counsel, for appellee.