James N. Gaunt, Plaintiff-Appellant, v. William J. Payes, Jr., Director of the Department of Public Works and Buildings, State of Illinois; R. D. Henderson, Acting Supervising Architect of the Division of Architecture and Engineering, State of Illinois; Maude Myers, Director of the Department of Personnel, State of Illinois; Civil Service Commission, State of Illinois; Michael Howlett, Auditor of Public Accounts, State of Illinois; and Francis S. Lorenz, Treasurer, State of Illinois, Defendants-Appellees.

Gen. No. 10,552.

Fourth District.

April 5, 1965.

Paul J. Maton and Graham & Maton, of Chicago, for appellant.

William G. Clark, Attorney General, State of Illinois, and Joseph A. Londrigan, Special Assistant Attorney General, for appellees.

GOLDENHERSH, J.

On June 16, 1962, plaintiff received notice that he was laid off from his position of Building Construction Supervisor V in the Division of Architecture and En-

gineering, Department of Public Works and Buildings. The notice, dated June 6, 1962, stated that the effective date of separation was June 15, 1962, and the last date for which he would be paid was July 19, 1962. The reason given for the lay off was: "Material reorganization of exempt positions. Abolishing position due to reorganization. Duties absorbed by section head (Building Construction Supervisor VI). Position no longer necessary. This effects a more economical operation." The notice was given on a Department of Personnel form designated "Personnel Separation." At the same time, plaintiff was furnished a "Performance Record," dated June 6, 1962, prepared on a Department of Personnel form. In spaces provided on the form, his position was described as "Bldg. Constr. Supvr. V, Exempt position," and the transaction was described as a "lay off."

Plaintiff filed suit in the Circuit Court of Sangamon County wherein he sought the following relief: (a) the issuance of a writ of mandamus ordering the Director of the Department of Public Works and Buildings, the head of that Department's Division of Architecture and Engineering, and the Director of the Department of Personnel to restore him to the position of Building Construction Supervisor V; (b) the issuance of a writ of mandamus ordering the Auditor of Public Accounts to issue salary warrants for, and the State Treasurer to pay, his salary from July 19, 1962, to date; (c) the issuance of a writ of injunction enjoining the payment of salary to any employee of the Division of Architecture and Engineering, Department of Public Works and Buildings, in the position of Building Construction Supervisor V or Building Construction Supervisor VI, unless the employee was so certified and employed prior to June 6, 1962; (d) a declaratory judgment declaring his lay off from his position as Building Construction Supervisor V to be illegal, void and of no

333

force and effect. Defendants answered, and after trial without a jury, the court found that the position of Building Construction Supervisor V in the Department of Public Works and Buildings is exempt from the provisions of the Personnel Code, that plaintiff was not entitled to the relief prayed, and entered judgment for the defendants. This appeal followed.

Plaintiff concedes that the Director of Public Works and Buildings and the Director of Personnel have discretionary powers in making lay offs, but contends that the lay off here involved was illegal and void because of the failure of the directors to comply with the provisions of the Personnel Code and the rules adopted by the Department of Personnel. Defendants contend that the position from which plaintiff was laid off is exempt from the provisions of the Personnel Code, and alternatively, (a) that if the position is not exempt, the rules upon which plaintiff relies are not here pertinent, and (b) that plaintiff failed to exhaust his administrative remedies and may not, therefore, seek judicial relief.

In 1951, plaintiff entered the employ of the Division of Architecture and Engineering, Department of Public Works and Buildings, as a Building Construction Supervisor. Following successful completion of examinations prescribed by the Civil Service Commission, plaintiff was certified as a Building Construction Supervisor III, and on March 20, 1956, he was certified as a Building Construction Supervisor IV. Prior to July 1, 1957, Building Construction Supervisors were classified I, II, III and IV.

On July 18, 1955, the State Civil Service Act (c 24½, § 1 et seq., Ill Rev Stats 1953) was repealed and the Personnel Code (c 127, § 63b101 et seq., Ill Rev Stats 1955) was adopted, effective July 1, 1957. The Personnel Code (§ 63b104c(12)) specifically exempts from its provisions the technical and engineering

334

staffs of the Department of Public Works and Buildings. There was no such exemption in the State Civil Service Act.

On July 1, 1957, the positions of Building Construction Supervisor V and VI were created. On July 12, 1957, effective retroactively to July 1, 1957, plaintiff was appointed Building Construction Supervisor V. The evidence shows that plaintiff was the only individual to serve in that capacity, having occupied the position from the time of its creation on July 1, 1957, until its abolition, resulting in his lay off. From July 1, 1957, to the time of trial of this case, three individuals had occupied the position of Building Construction Supervisor VI.

It appears from the testimony that at the time of his appointment to the position of Building Construction Supervisor V, plaintiff inquired of the then incumbent Director of the Department of Public Works and Buildings, Edward Rosenstone, whether accepting the position would affect his civil service status. Mr. Rosenstone testified that he told plaintiff it was his understanding that it would not, and further, that it was his understanding that although the position of Building Construction Supervisor did not come under the Personnel Code, the status of any person under civil service at the time of its adoption was not affected by the exemption in the Personnel Code. Mr. Rosenstone stated that plaintiff performed the same services as a Building Construction Supervisor V as those performed by him as a Building Construction Supervisor IV. As to the services performed by the Building Construction Supervisor VI appointed on July 1, 1957, Mr. Rosenstone stated that his duties were the same in that position as those performed by him in his prior classification.

Robert C. Sparks, Administrative Assistant to the Director of Public Works and Buildings from 1953

until 1961, in charge of personnel, testified that after the Personnel Code went into effect, the engineers and technical staff were reclassified, that it was his opinion that civil service status was not affected by the adoption of the Personnel Code, and that it was the policy of the Department of Public Works and Buildings that an employee who was in a civil service status under the State Civil Service Act continued in that status after the effective date of the Personnel Code.

Maude Myers testified that she has been Director of Personnel since January 1961, that from 1950 until 1961, she was Chairman of the State Civil Service Commission, that prior to 1957, the effective date of the Personnel Code, the Division of Architecture and Engineering of the Department of Public Works and Buildings, and particularly the four classifications of Building Construction Supervisor, were under civil service, and that plaintiff held a certified Building Construction Supervisor status. She testified that the Personnel Separation notice dated June 6, 1962, was initiated in the Department of Public Works and Buildings, and approved by her on June 13, 1962. On the same date she wrote plaintiff advising him that his lay off was approved by the Director of Personnel, that it was due to a material change in the organization of the Division of Architecture and Engineering, and in accord with the Personnel Code. She testified that the matter came to her attention for approval of the lay off because plaintiff had formerly had civil service status, but she felt her approval added nothing to plaintiff's status or rights. The Department of Personnel had no payroll information for the Division of Architecture and Engineering, did not maintain performance records for its personnel, and no lay off plan had been submitted for its approval.

The Department of Personnel, in accordance with section 8 of the Personnel Code (c 127, § 63b108) had adopted rules, which rules, section 8 states, have the force of law. The rules upon which plaintiff relies provide: Rule 2–280—"Performance records shall be used as an aid, in staff development, to substantiate current recommendations and to be available as needed in considering future transactions. A copy of each completed performance record shall be exhibited to and discussed with the employee as soon as practicable after its completion." Rule 2–300—"Reviews shall be made and performance records prepared to substantiate recommendations for merit increases, salary decreases, withholding increases or restoring previously withheld increases, restoring of previously reduced salary, salary increases above minimum requirements on promotions and changes of allocation. Performance records are also required for promotions, demotions, voluntary reductions, lay offs out of seniority order, transfers, suspensions of more than 30 days in any 12-month period, discharges, and for consideration on reinstatements and reemployment." Rule 2–560—"Lay off may be caused by lack of funds or work, abolition of a position or material change in duties or organization, and shall be within organizational units, established in either of two ways:

(a) By allocation lists and organization charts maintained by the Department;

(b) By other groupings, justified by operations and approved by the Department.

A proposed lay off is subject to the approval of the Director before becoming effective. It shall include the following:

(a) A list of all employees by name, status, and date of latest appointment for each class in the organizational unit in question in which lay off is anticipated;

337

(b) A listing of those employees to be laid off;

(c) In the event a lay off out of seniority order is requested justification for lay off of employee out of seniority order along with a copy of the most recent performance records of all employees in the class and organizational unit in question shall be furnished the Director."

Rule 2–570—"The following order shall be observed in making lay offs:

(a) Exempt, temporary, emergency, and provisional employees shall be terminated before certified or probationary employees may be laid off;

(b) Probationary employees shall be laid off before certified employees;

(c) Certified employees shall be last to be laid off.

Within status groups, consideration shall be given to performance records and seniority. For lay off and reemployment purposes, an employee's seniority shall be his total length of continuous service with probationary and certified status in the class in which lay off is being made. The following changes in class shall not affect seniority:

(a) Allocation changes;

(b) Transfer;

(c) Demotion following a promotion."

Rule 2–190 provides for the appointment of the following types of employees: Exempt, Emergency, Temporary, Provisional, Probationary, and Certified. The rule defines "Certified" as follows: "An employee who has been appointed as a result of having passed an examination and who has completed the required probationary period. A certified employee whose position is allocated to a class which is, or becomes exempt from Jurisdiction B shall retain his status in that position." Jurisdiction B, referred to in the above cited Rule, is defined in the Personnel Code as follows: "Jurisdiction B, with respect to the positions in the State service

338

to which persons must hold appointments on a basis of merit and fitness." (c 127, § 63b104a(2).)

John B. Crain testified that he is a lawyer employed as a technical advisor for the Department of Personnel, that he was consulted by Roman Edler, Personnel Officer for the Department of Public Works and Buildings, who advised him that a determination had been made to do away with the position of Building Construction Supervisor V, and asked his opinion of plaintiff's status as a merit system employee. He further testified that the Department of Personnel has no supervision over employees whose positions are exempt, but, nevertheless, he advised Mr. Edler that he might want to proceed with the separation procedure used upon abolition of a position covered by the Personnel Code. He stated that his recommendation was based upon the fact that section 17 of the Personnel Code (§ 63b117) which provides: "Status of present employees. Employees holding positions in the State service herein shall continue under the following conditions: Employees who have been appointed as a result of having passed examinations in existing merit systems, and who have satisfactorily passed their probationary period, or who have been promoted in accordance with the rules thereunder, shall be continued without further examination, but shall be otherwise subject to the provisions of this Act and the rules made pursuant to it," had not been construed by an Appellate Court.

In La Salle Nat. Bank v. Village of Riverdale, 16 Ill2d 151, at page 160, 157 NE2d 7, the Supreme Court said, "It is well established that a writ of mandamus will not be issued unless the plaintiff shows a clear and undisputed right to the relief sought." Plaintiff's right to the writ, if mandamus is to issue, must stem from legislative enactment.

The position of Building Construction Supervisor V was created subsequent to the effective date of the Personnel Code and, as a technical position in the Department of Works and Buildings is clearly exempt from its provisions. Assuming that plaintiff had civil service status as a Building Construction Supervisor IV, it is clearly established that he abandoned that position to accept the newly created job and occupied it for nearly five years. The issue of his rights or status as a Building Construction Supervisor IV is not before the court.

 Plaintiff contends that section 17 of the Personnel Code (c 127, § 63b117) continued his civil service status, even though the position he occupied was exempt. Civil service status is not a vested right, Jordan v. Metropolitan Sanitary District of Greater Chicago, 15 Ill2d 369, 155 NE2d 297. There is no question that the legislature has the undoubted power to repeal all legislation not in the nature of a legislative grant, Hilberg v. Industrial Commission, 380 Ill 102, 43 NE2d 671, and to enact legislation which does not deprive a citizen of a vested right. Smith v. Hill, 12 Ill2d 588, 147 NE2d 321. We construe section 17 to be applicable only to employees holding civil service positions in the State service which the Personnel Code did not specifically exempt. The specific exemption contained in section 4 (c 127, § 63b104c(12)) must prevail over the general provisions for retention of status of section 17 (§ 63b117) Moyer v. Board of Education of School District No. 186, 391 Ill 156, 62 NE2d 802; Department of Revenue of Illinois v. Wakeford Hardware Co., Inc., 2 Ill App2d 66, 118 NE2d 627.

 Plaintiff is not aided by the fact that Mr. Rosenstone was of the opinion that his civil service status was not affected, nor by Mr. Sparks' testimony purporting to state the policy of the Department of Works and Buildings. Vested rights to civil service

340

status cannot be acquired by custom or by erroneous interpretation of the applicable statute. People v. Bradley, 382 Ill 383, 47 NE2d 93.

People ex rel. Byrnes v. Stanard, 6 Ill App2d 441, 128 NE2d 658; 9 Ill2d 372, 137 NE2d 829, cited by plaintiff, is not in point. That case arose from an attempt to dismiss employees from positions following a change in the title, and some natural accretion in the duties, of the positions involved.

Cordes v. Isaacs, 27 Ill2d 383, 189 NE2d 236, upon which plaintiff relies is not in point. That case is authority for the principle that the Rules of the Department of Personnel have the force of law, but it does not support plaintiff's contention that those rules apply to a position which is specifically exempted from the provisions of the Personnel Code.

Plaintiff cites a number of cases involving civil service positions under various city merit systems. He argues that he served the State well and faithfully, that he has acquired retirement rights and should have such security as may be provided by the Personnel Code and the Rules. These contentions are fully answered in the case of People ex rel. Coryell v. Barrett, 320 Ill App 593, 51 NE2d 795, wherein at page 597 the Court said, "Plaintiff's rights were attached to the civil service post and since it has been displaced by a non-civil service post those rights have been lost. We cannot declare the act of the legislature invalid because of individual injustice, if it had authority to act. People v. Dunne, 258 Ill 441. We believe cases involving cities which have adopted the Civil Service Act are not helpful, for such cities are bound by the act, but the legislature is not. Plaintiffs point out that, if this is so, the result might be complete abolishment of the Civil Service Law. The possibility that such a catastrophe might happen does not justify

holding that the legislature would have no such power. People ex rel. Millner v. Russel, 311 Ill 96."

In view of the conclusion reached it is not necessary to discuss defendants' remaining contentions. For the reasons herein given, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

EBERSPACHER, P. J. and MORAN, J., concur.