MATHEW C. CHADESH, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.—RICHARD J. CASPER, Plaintiff-Appellee, v. COMMONWEALTH EDISON COMPANY, Defendant-Appellant.

First District (4th Division)   Nos. 84—144, 84—145 cons.

Opinion filed November 15, 1984.

Gerald J. Porento and John S. Magiera, both of Commonwealth Edison Company, of Chicago, for appellant.

Joseph P. Costello & Associates, of Chicago, for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

This action arises out of two cases currently pending before the Illinois Industrial Commission (Commission) involving loss of hearing claims brought by the plaintiffs, Mathew Chadesh and Richard Casper, employees of Commonwealth Edison, against the defendant, Commonwealth Edison (Edison). The plaintiffs sought, through the use of subpoenas issued by the Illinois Industrial Commission, certain corporate documents belonging to Edison containing information pertaining to noise level studies conducted and the testimony of Edison's vice-president. Edison moved to quash the subpoenas before an arbitrator appointed by the Commission. The arbitrator denied its motion to quash. When Edison did not comply with the subpoenas, the plaintiffs then, pursuant to Commission rules, presented the arbitrator with applications to the circuit court of Cook County requesting enforcement of subpoenas, which the arbitrator signed.

The plaintiffs, pursuant to the same Commission rules which authorizes them, as private parties, to bring actions in the circuit court to enforce subpoenas, as opposed to authorizing the Commission to bring such actions, then filed the applications with the circuit court of Cook County. Edison appeared and moved to strike and dismiss the applications and also moved to quash the subpoenas. The trial court granted the plaintiffs' applications, ordering Edison to fully comply with the subpoenas. This appeal ensued.

Edison raises two issues on appeal. First, Edison contends that the Illinois Industrial Commission, not the plaintiffs, was the proper and necessary party to this circuit court action to enforce Industrial Commission subpoenas. Second, Edison contends that the trial court should have granted its motion to quash the subpoenas due to the plaintiffs' failure to serve said subpoenas according to proper statutory procedure.

Regarding the first issue, Edison argues that the Commission has exceeded the scope of the rule-making powers granted it by the Gen-

eral Assembly in sections 16 of both the Workers' Compensation Act and Occupational Diseases Act (Ill. Rev. Stat. 1983, ch. 48, pars. 138.16, 172.51) by promulgating Rule 3—(4)(d) of the Rules Governing Practice Before the Industrial Commission (1982). Rule 3—(4)(d) establishes a procedure wherein an adversary party in an underlying Workers' Compensation or Occupational Diseases Act case is empowered to prosecute in the circuit court actions to enforce Industrial Commission subpoenas. Edison contends that, according to the language in section 16, an action to enforce a Commission subpoena may be brought in the circuit court "on application of any member of the Commission or any Arbitrator designated by the Commission" and that this language authorizes the Commission or an arbitrator assigned by the Commission to be the sole party to bring said actions. Consequently, Edison contends that for the Commission to delegate this power to private parties, as it has through Rule 3—(4)(d), is beyond the scope of its powers and that, accordingly, Rule 3—(4)(d) is without force and effect.

■ We believe that the position espoused by Edison regarding the interpretation of the scope of the rule-making power vested in the Commission is too restrictive. The plain, unambiguous language of section 16 requires that an action in the circuit court to enforce Industrial Commission subpoenas be brought "on application of any member of the Commission or any Arbitrator designated by the Commission." To construe "on application" as requiring the suit be filed solely by the Commission is an interpretation that is overly burdensome for the Commission. It does not seem to be particularly prudent to require the Commission to become so intricately involved with each case involving enforcement of subpoenas that may eventually be heard before the circuit court. To do so would be an unnecessary allocation of time, manpower and expense. Moreover, the task of bringing an action to the circuit court is not one in which the Commission would necessarily want or need to maintain exclusive control over.

Furthermore, Rule 3—(4)(d) appears fundamentally sound in its requirement that the Commission or an arbitrator conduct a hearing to review both the merits and the form of the subpoena before granting its approval of the applications. Only after such a hearing has been held can the Commission or arbitrator sign an application, and only then may an action be brought to the circuit court. This procedure provides sufficient safeguards against frivolous suits flooding the already crowded docket of the circuit court, while also saving the Commission needless involvement at each instance.

In further support of its position, Edison draws an analogy be-

tween the instant statute and section 62 of the Public Utilities Act (Ill. Rev. Stat. 1983, ch. 111⅔, par. 66). Edison argues that section 62 is substantially similar to sections 16 of both the Workers' Compensation and Occupational Diseases Acts with regard to circuit court actions to compel compliance with subpoenas from an administrative agency and that the Illinois Commerce Commission, in applying section 62 of the Public Utilities Act, has enacted no rule similar to Rule 3—(4)(d), but rather brings such actions on its own behalf. (See *Illinois Commerce Com. v. Salamie* (1977), 54 Ill. App. 3d 465, 369 N.E.2d 235.) Accordingly, Edison argues that because the Industrial Commission operates under a similar statutory provision, it should proceed in the same manner as the Commerce Commission.

■ This argument is without merit. Each agency is empowered to promulgate procedural rules in order to effectively conduct its business. The fact that the Commerce Commission has chosen not to authorize private parties to enforce subpoenas in the circuit court has absolutely no bearing on how the Industrial Commission should proceed on the same subject. Thus, the Industrial Commission's Rule 3—(4)(d) will be viewed as valid or invalid wholly independent from what the Commerce Commission does.

Edison also argues that the power conferred on the Industrial Commission by the General Assembly in section 16 relates to matters of procedure only. (*Zurich General Accident & Liability Insurance Co. v. Industrial Com.* (1927), 325 Ill. 452, 156 N.E. 307.) Edison maintains that by allowing private parties to bring actions to enforce Industrial Commission subpoenas in the circuit court, the Industrial Commission is creating a substantive right in these private parties, and that based on the Workers' Compensation and Occupational Diseases Acts and prior case law, administrative agencies may not create substantive rights. *Madsen v. Industrial Com.* (1943), 383 Ill. 590, 50 N.E.2d 707.

Finally, Edison argues that where there is a conflict between a general provision and a particular and specific enactment within the same statute, as is seen in the conflicting provisions of the general rule-making authority granted the Industrial Commission in sections 16 of the Worker's Compensation and Occupational Diseases Acts and the particular and specific provision, also in section 16 of these acts, that circuit court enforcement actions shall be brought on application of the Commission itself, that the particular and specific enactment must prevail. *Gaunt v. Payes* (1965), 57 Ill. App. 2d 331, 205 N.E.2d 766; *Revenue Department v. Wakeford Hardware Co.* (1954), 2 Ill. App. 2d 66, 118 N.E.2d 627.

■■■ Edison's last two arguments are equally without merit. We agree that the Commission's rule-making power is one of procedure only. However, we believe that Rule 3—(4)(d) is a procedural rule that controls the procedure of the enforcement of subpoenas and was promulgated within the proper powers of the Commission. Finally, this court does not find an inconsistency between sections 16 of the acts and Rule 3—(4)(d) that would require the application of the rule of law wherein if there is a conflict between a general provision and a specific enactment within the same statute that the specific enactment must prevail. Accordingly, Rule 3—(4)(d) is a valid exercise of the Commission's powers, and the plaintiffs are proper parties to bring an action in the circuit court to enforce Industrial Commission subpoenas.

Edison's next issue on appeal is that the plaintiffs failed to follow the proper statutory procedure for serving subpoenas and that the trial court therefore should have granted its motion to quash the subpoenas. Edison argues that section 16 of the Workers' Compensation Act is nearly identical to section 16 of the Occupational Diseases Act, and provides "the parties applying for [a subpoena from the Industrial Commission] shall advance the office and witness fees provided for in civil actions pending in the circuit court" (Ill. Rev. Stat. 1983, ch. 48, pars. 138.16, 172.51), and that Rule 3—(4)(c) of the Rules Governing Practice Before the Industrial Commission provides that payment of statutory fees and travel expenses must accompany the service. Edison maintains that these provisions provide that in order for a subpoena issued by the Industrial Commission to have effect and to require compliance, certain fees and expenses must be prepaid. In support of its position, Edison filed with the trial court affidavits from the parties served that indicate that no such payments from the plaintiffs were ever received.

The plaintiffs respond with the argument that Rule 3—(4)(c) fails to encompass the procedure for subpoenaing a corporate party, so that it therefore becomes necessary for the court to ultimately apply the provisions of Illinois Supreme Court Rule 237(b) to determine whether Edison was properly served. Pursuant to Supreme Court Rule 237(b) (87 Ill. 2d R. 237(b)), the circuit court can only order the payment of subpoena fees if the party is a nonresident of Cook County. The plaintiffs point out that it is clear that Commonwealth Edison is a corporate entity located in Cook County and that therefore the subpoenas need not be accompanied by a fee. Thus, the plaintiffs argue that the subpoenas were properly served and that Edison's motion to quash was properly denied.

A plain and unambiguous rule of an administrative agency, properly promulgated, is not open to construction, and should be intended to mean what it has plainly expressed. (*Chicago Home for Girls v. Carr* (1921), 300 Ill. 478, 133 N.E. 344.) We believe that Rule 3—(4)(c) is plain and unambiguous. It simply provides that personal service of a subpoena is required and that payment of statutory fees and travel expenses must accompany service. The mere fact that the rule does not make specific reference to a particular type of party, whether they be individuals, corporations or partnerships, is not evidence of an intent to exclude any one of the classifications of parties from the rule. To interpret the rule to the contrary is an unnecessary construction of a clearly worded rule. No further construction or interpretation is necessary other than giving the plain language of the rule its ordinary and accepted meaning. Therefore, because payment of the subpoena fees did not accompany their service, this court concludes that the plaintiffs have failed to satisfy the procedure set forth in Rule 3—(4)(c) and that Edison's motion to quash the subpoenas should be granted. Based on the foregoing, the trial court is reversed.

Reversed.

LINN, P.J., and ROMITI, J., concur.