MICHAEL J. KNEIP, Plaintiff-Appellee, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF THE CITY OF WOOD DALE *et al.*, Defendants-Appellants.

Second District  No. 2—86—0107

Opinion filed December 23, 1986.

Erwin W. Jentsch, of Bradtke & Zimmermann, of Mt. Prospect, for appellants.

Stephen J. Culliton, of Civinelli, Bakalis & Culliton, of Bloomingdale, for appellee.

PRESIDING JUSTICE NASH delivered the opinion of the court:

The board of fire and police commissioners of the city of Wood Dale and its chief of police appeal from a judgment of the circuit court which, on administrative review, reversed a two-day suspension imposed upon a police officer for failure to carry a weapon and for drinking an alcoholic beverage within the corporate boundaries of the city, outside of the officer's home.

While off-duty at about 3 p.m. on December 12, 1984, police officer Michael Kneip entered a tavern in the city of Wood Dale where he remained for 10 to 15 minutes and consumed one beer. The officer then went to a bowling alley in another city where he bowled. Officer Kneip was not carrying his personal firearm while in the tavern. The next day, the chief of police notified Officer Kneip that he had violated Rule 16 of the rules and regulations of the fire and police commission of the city of Wood Dale for failure to be in possession of a weapon within the city, and imposed a one-day suspension from duty without pay.

Office Kneip appealed to the board of police and fire commissioners which, after a hearing, sustained the sanction imposed by the police chief and added one additional day to the suspension period. On administrative review, the circuit court reversed the orders of the board and chief, and they appeal.

At the hearing before the board, Officer Kneip testified that on two occasions prior to December 12, 1984, he had sought clarification of Rule 16 from Chief Williams, who declined to do so. Kneip conceded he had not carried his weapon while at the tavern as he was going bowling and it was impractical to carry it while so engaged.

Police chief Williams testified that in determining the officer had violated Rule 16 by not carrying a weapon while in the tavern, the chief had not considered whether or not it was practical to do so. The chief stated that Rule 16, in effect, prohibited an officer from consuming alcohol within the city boundaries, except in his own home.

Rule 16 of the rules and regulations of the fire and police commission of Wood Dale provides:

"a. Sworn police officers shall not fail to carry a weapon and identification while in the city of Wood Dale, Illinois. This rule should not be construed to apply when an officer is at home or when it is impractical to carry said items.

b. The carrying or possession of a firearm in any place other

than one's own home when alcoholic beverages are consumed by one carrying or possessing the firearm is strictly prohibited.

c. Only officers who receive permission from the Chief of Police for purposes of an official departmental investigation may consume any alcoholic beverage while in the possession of or carrying of a firearm."

■■ The standards for administrative review are well established and require that a reviewing court must determine whether or not the agency's findings of fact are contrary to the manifest weight of the evidence. (*Moriearty v. Civil Service Com.* (1985), 131 Ill. App. 3d 198, 202, 474 N.E.2d 1291; *Brengola-Sorrentino v. Department of Public Aid* (1984), 129 Ill. App. 3d 566, 571, 472 N.E.2d 877.) However, an agency's decision that cause to suspend for five days or less exists will not be reversed unless it is arbitrary, unreasonable, or unrelated to the requirements of service. (*Wagner v. Kramer* (1984), 125 Ill. App. 3d 12, 22, 465 N.E.2d 547, *aff'd* (1985), 108 Ill. 2d 413, 484 N.E.2d 1073; *Lakin v. Gorris* (1983), 113 Ill. App. 3d 1034, 1040, 448 N.E.2d 215, *appeal denied* (1983), 96 Ill. 2d 540.) Deference is generally to be accorded by decision of an agency on administrative review, but courts will not hesitate to intervene when the decision is against the manifest weight of the evidence, or where the decision is arbitrary, unreasonable, or capricious. (*Gatica v. Department of Public Aid* (1981), 98 Ill. App. 3d 101, 106, 423 N.E.2d 1292, 1296.) Interpretations given by an administrative agency to its own rules and regulations are entitled to respectful consideration and will not be overruled unless plainly erroneous. However, they are not, in the manner of properly supported findings of fact, conclusive on courts engaged in administrative review. *Heifner v. Board of Education* (1975), 32 Ill. App. 3d 83, 87, 335 N.E.2d 600, 604.

The board's decision that cause for suspension existed was premised upon its interpretation of Rule 16. It found that "the effect of paragraphs a. and b. of Rule 16 [is] to require all sworn police personnel to carry a weapon and refrain from drinking whenever they are within the corporate limits of the City of Wood Dale."

■ We must determine whether that interpretation was arbitrary, unreasonable, or unrelated to the requirements of service. In construing regulations promulgated by administrative agencies, the same rules used in the construction of statutes are applicable. (*Ekco, Inc. v. Edgar* (1985), 135 Ill. App. 3d 557, 561, 482 N.E.2d 130; *Lipman v. Board of Review of Department of Labor* (1984), 123 Ill. App. 3d 176, 180, 462 N.E.2d 798.) In interpreting a regulation, each provision must be construed in connection with every other provision so as to

produce a harmonious whole. *Stelzer v. Matthews Roofing Co.* (1986), 140 Ill. App. 3d 383, 385-86, 488 N.E.2d 1293; *City of Peoria v. Illinois Commerce Com.* (1985), 132 Ill. App. 3d 835, 837, 477 N.E.2d 749.

Subsection (a) of Rule 16 provides that a Wood Dale police officer must carry a weapon at all times while in the city of Wood Dale, except when the officer is in his home or when it is "impractical" to carry the weapon. Subsection (b) of Rule 16 prohibits an officer from carrying a firearm when consuming alcoholic beverages other than in his own home. The issue presented here is whether plaintiff, who consumed beer in a tavern within the city of Wood Dale without carrying his weapon violated subsection (a) of Rule 16 or whether his conduct was within the "impracticality" exception contained in subsection (a) of the rule.

■ On consideration of the regulation as a whole, we agree with the trial court that subsection (b) must be considered as an illustration of the impracticality exception within Rule 16(a). That is, when an officer drinks an alcoholic beverage in Wood Dale outside his own home, it would be considered impractical under section (a) for him to carry a weapon. This interpretation comports with both the commonsense view that one who is drinking alcohol should not be carrying a firearm and the strict prohibition of section (b) that an officer may not consume alcohol outside his home while armed. The only alternative is to consider the interaction of sections (a) and (b), as the board did, as creating a third, unwritten rule which completely prohibits Wood Dale police officers from drinking alcohol in Wood Dale, except in their own homes. Although we are mindful of the fact that police officers are often considered to be on duty at all times (*People v. Bouse* (1977), 46 Ill. App. 3d 465, 471, 360 N.E.2d 1340; *Banks v. City of Chicago* (1973), 11 Ill. App. 3d 543, 549-50, 297 N.E.2d 343, *appeal denied* (1973), 54 Ill. 2d 591), we find the board's construction of the rule in these circumstances to be unwarranted and unreasonable and conclude the circuit court correctly reversed the decision of the board.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and REINHARD, JJ., concur.