MARILYN PLACKO, d/b/a Maids on Time, Plaintiff-Appellant, v. SALLY A. JACKSON, Director, Department of Employment Security, Defendant-Appellee.—MARILYN PLACKO, d/b/a Maids on Time, Plaintiff-Appellant, v. SALLY A. WARD, Director, Department of Employment Security, *et al.*, Defendants-Appellees.

Second District   Nos. 2—89—0819, 2—89—0882 cons.

Opinion filed April 25, 1990.

Law Office of Glenn R. Gaffney, of Glendale Heights (Glenn R. Gaffney, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert G. Toews, Assistant Attorney General, of Chicago, and Colleen M. McLaughlin, Assistant State's Attorney, of Wheaton, of counsel), for appellees.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

In cause No. 2—89—0882, plaintiff, Marilyn Placko, doing business as Maids on Time, appeals from the trial court's order in an administrative review hearing held in the circuit court of Du Page County, affirming the decision of the Board of Review of the Department of Employment Security (the Department) in favor of defendant, Laura Trejo. The Board's decision affirmed the earlier decision by a hearing referee for the Department. The referee had dismissed plaintiff's appeal from a claims adjudicator's determination that Trejo was entitled

to the payment of unemployment benefits from plaintiff. The referee's dismissal resulted from plaintiff's failure to appear at a hearing on her appeal.

A review of the record reveals the following facts. Plaintiff owns and operates a maid cleaning referral service, Maids on Time. Defendant, Laura Trejo, had performed cleaning services for customers referred by plaintiff. On or about January 24, 1987, Trejo filed a claim for unemployment benefits with the Department pursuant to section 700 of "An Act in relation to a system of unemployment insurance" (the Act) (Ill. Rev. Stat. 1985, ch. 48, par. 450), alleging that she was employed by plaintiff and that she had received wages from plaintiff.

On or about January 31, 1987, plaintiff protested the payment of unemployment benefits to Trejo on the basis that Trejo was never an employee of plaintiff and, therefore, not eligible for benefits. On February 4, 1987, the Department acknowledged receipt of plaintiff's protest and found it to be sufficient. On February 13, 1987, a claims adjudicator for the Department found that Trejo was entitled to benefits because (1) plaintiff, as employer, supplied the work for Trejo, and (2) Trejo was under plaintiff's control. Plaintiff filed an appeal from the adjudicator's decision. According to plaintiff, she received no further communication from the Department until she received the April 3, 1987, decision of the referee hearing plaintiff's appeal.

The record contains a notice of a telephone hearing accompanied by a sheet of instructions regarding the hearing. Both documents direct the recipient of the notice to contact the hearing referee and to provide him with the telephone number at which the recipient can be reached at 3 p.m. on March 3, 1987, the scheduled time for the hearing. Plaintiff did not provide the referee with a telephone number. The record also contains a copy of a certificate of mailing, dated February 20, 1987, and stamped signed by the hearing referee, James Tolone. In the space on the certificate designed for the insertion of an addressee, no name or address appears. Rather, the words "Trejo" and "Maids" are handwritten in the space. Based on plaintiff's failure to appear at the scheduled telephone hearing, the referee affirmed the adjudicator's prior decision in favor of Trejo. After receiving the referee's decision, plaintiff filed an appeal with the Department's Board of Review (the Board) on April 29, 1987.

On June 12, 1987, plaintiff's attorney requested a copy of the transcript of proceedings before the referee. On July 7, 1987, plaintiff received a letter from the executive director of the Board informing her that the Board "will review the case record and issue its decision based on the merits of the case." Additionally, plaintiff was informed

that she could submit additional evidence or written arguments within the following 30 days. In response, plaintiff filed an affidavit stating, in essence, that she was a private employment agency and that Trejo was an independent contractor and not plaintiff's employee.

On October 16, 1987, plaintiff received the Board's decision affirming the hearing referee's dismissal of plaintiff's appeal. The Board found that plaintiff had received notice of the March 3, 1987, telephone hearing but had failed to supply a telephone number at which she could be reached for the hearing. Because plaintiff had not made use of the opportunity to present evidence at the scheduled hearing and had not shown any acceptable reason for her failure to do so, the Board concluded it had no basis for setting aside the decision of the referee.

On November 18, 1987, plaintiff filed a complaint for administrative review in the circuit court of Du Page County. In her complaint plaintiff stated that judicial review of the Board's decision was necessary because she had never received a "full and fair opportunity to be heard." Additionally, plaintiff asserted that she had been misled by the representation made by the Board's executive director that additional evidence would be considered in deciding the case "on the merits," that the Board's decision was contrary to the manifest weight of the evidence, and that the Department should be enjoined from seeking contributions for unemployment insurance from plaintiff since the Department of Labor had previously determined and required that plaintiff be licensed as a "private employment agency."

On December 14, 1989, the cause came before the trial court for hearing. By preliminary motions, defendant, Laura Trejo, was adjudicated to be in default, and the complaint was confessed against her. Defendant, Gwen R. Martin, Director of the Department of Labor, was dismissed as an unnecessary party. The court then heard argument of counsel and ruled in favor of the remaining defendants, the Board and Sally A. Ward, Director of the Department.

Plaintiff filed a motion for rehearing and to vacate the judgment. Additionally, plaintiff filed a motion for findings of fact and conclusions of law. Both motions were denied on July 18, 1989. This appeal ensued.

Plaintiff subsequently moved to consolidate the instant case, No. 2—89—0882 (Placko I), with No. 2—89—0819 (Placko II). In Placko II, plaintiff appeals from the trial court's order in another administrative review hearing held before the same judge in the circuit court of Du Page County, affirming the decision of defendant, Sally A. Jackson (formerly Sally A. Ward), Director of the Department.

In Placko II plaintiff had received notice on August 3, 1987, of her

contribution rate, as an employer, for unemployment insurance benefits under the Act. (Ill. Rev. Stat. 1985, ch. 48, par. 576.1.) Plaintiff immediately submitted a protest to the Department based on the fact she was not liable for any contributions, or payments for benefits, since she was not an "employer" as defined by the Act.

On November 16, 1987, an order was issued by the Director of the Department denying plaintiff's application for revision of "benefit wages." Referring to the fact that it had been previously determined at the April 3, 1987, administrative hearing in Placko I that Laura Trejo's remuneration constituted wages, the adjudicator found the wage charge (based on the wages subject to contribution) in Placko II to be valid. On November 25, 1987, plaintiff protested this order and requested a hearing.

As a part of her protest, plaintiff enclosed a copy of the complaint for administrative review in Placko I and her affidavit. On March 2, 1988, a representative of the Director of the Department issued a report finding that plaintiff had an appeal pending in the circuit court of Du Page County from the decision made by the Department's Board of Review in Placko I and that no relief could be granted plaintiff in Placko II until a decision was rendered from the pending appeal in Placko I. The representative stated that if the decision in Placko I was favorable to plaintiff, appropriate action would be taken to adjust plaintiff's statement of benefit wages. Additionally, the representative found plaintiff's petition for relief to be "insufficient." The representative recommended that the November 16, 1987, order, denying plaintiff's application for revision of benefit wages, should be affirmed.

In timely fashion, plaintiff filed her objections to the representative's report and attached the complaint for administrative review in Placko I and her affidavit. On April 29, 1988, the Department's Director issued her decision, affirming the representative's report and the adjudicator's order. In her decision, the Director stated that plaintiff could not be granted relief from the benefit wage charges unless the finding of wages under appeal in Placko I was set aside.

On June 2, 1988, plaintiff filed her complaint for administrative review in the circuit court of Du Page County, seeking relief from the Director's decision and enjoining the Department from pursuing the collection of contributions for unemployment insurance from plaintiff. On July 18, 1989, the circuit court affirmed the Director's decision.

On appeal, plaintiff raises identical issues in Placko I and Placko II. Plaintiff contends: (1) that she is not an "employer" or "employing unit" under the Act; (2) that she need not prove inclusion within the independent contractor's provision of the Act to be excluded from the

Act; (3) that defendants should be estopped from seeking the payment of unemployment contributions from her; and (4) that she was denied due process.

We address ourselves to the issue which we believe is determinative here, *i.e.*, that plaintiff was denied due process. Specifically, plaintiff maintains that she never received notice of the telephone hearing and, therefore, did not receive an opportunity to be heard. Consequently, the Board's decision against her, based on her failure to appear at the hearing before the referee, constitutes an abuse of discretion.

In Placko I defendant Laura Trejo filed a claim for unemployment benefits with the Department pursuant to section 700 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 450), alleging that she was employed by plaintiff and had received wages from plaintiff. Plaintiff protested payment of unemployment benefits to Trejo on the basis that Trejo was not plaintiff's employee and, therefore, not entitled to benefits. A claims adjudicator for the Department acknowledged receipt of plaintiff's protest and deemed it to be sufficient. Subsequently, the adjudicator made a finding that Trejo was entitled to unemployment benefits. On the date of that decision, plaintiff filed an appeal of the adjudicator's decision.

Plaintiff contends that she received no further communication from the Department until she received the Department's April 3, 1987, decision from the hearing referee. That decision in favor of Trejo and against plaintiff was based on plaintiff's failure to appear at a telephone hearing held on March 3, 1987. The decision stated that section 801 of the Act provided:

> "The failure of the claimant or other party to appear at a hearing, *unless he is the appellant,* shall not preclude a decision in his favor if, on the basis of all the information in the record, he is entitled to such decision." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 48, par. 471.)

Under the terms of this section, the failure of plaintiff, as appellant, to appear at the hearing before the referee precluded any decision in her favor. Plaintiff, however, maintains that she never received notice of the telephone hearing before the referee.

As its answer to plaintiff's complaint for administrative review, defendants filed a certified copy of the administrative proceedings sought to be reviewed, including evidence and the findings and decisions made by the defendants. Included as part of defendants' answer was a copy of a "Certificate of Mailing" and a copy of the "NOTICE OF A TELEPHONE HEARING." Defendants rely on the certif-

icate and the notice to argue that plaintiff did receive notice of the telephone hearing. Although mailing of the notice may be some evidence that it was received a few days later by the individual to whom it was mailed (*Angelo v. Board of Review, Department of Labor* (1978), 58 Ill. App. 3d 50, 52), we believe the record is insufficient to prove that the notice was mailed to plaintiff.

The certificate of mailing in question which appears on page 9 of defendants' answer states:

"I hereby certify that the original document, of which the attached is a true and correct copy, was placed in a postage paid envelope addressed to: ***."

In the space designated for the name and address of the addressee there appears only the cryptic notations, "Trejo" and "Maids." No address appears for either party. The date of mailing is stamped in the appropriate space as "FEB 20 1987." The signature of the party who signed the certificate is also stamped in and reads "James Tolone." No document to which this certificate would refer appears directly before or after the certificate. Rather, the only document to which the certificate could possibly refer, because of the fact it also is stamped with the name "James Tolone," is the "NOTICE OF A TELEPHONE HEARING," which appears on page 24 of defendants' answer. However, no date of issuance appears in the space provided at the bottom of the notice so as to substantiate that the notice was issued on February 20, 1987, the date that appears on the certificate of mailing.

In contrast, in the record of the administrative proceedings filed by defendants as their answer in Placko II, there appear two certificates of mailing. On each, plaintiff's name and that of her attorney and the attorney's address are clearly typed in the space designated for that of the addressee. Additionally, each certificate is directly preceded by the document to which the certificate refers as is evident from the dates on the documents and their accompanying certificates. The date on the one certificate, "April 29, 1988," is identical to that of its preceding document, while the date on the other certificate, "March 3, 1988," is only one day later than that which appears on its preceding document.

On the notice of the telephone hearing in Placko I, specific directions set forth the procedures the recipient of the notice was to follow to take part in the hearing, including that the recipient was to phone the Department to provide it with a telephone number at which the recipient could be reached on the date and at the time of the hearing. Accompanying this notice was a sheet of instructions which stated: "WARNING—FAILURE TO READ THESE INSTRUCTIONS MAY

RESULT IN DENIAL OF YOUR APPEAL." Included within these instructions was a portion of section 801 of the Act warning that failure on the part of the appellant to appear at the hearing would preclude a decision in the appellant's favor. Ill. Rev. Stat. 1985, ch. 48, par. 450.

We find it highly unlikely that plaintiff, who had immediately protested Trejo's claim for unemployment benefits and who had also, on the same date of the claims adjudicator's decision, filed an appeal of that decision, would have ignored the instructions on the notice of the telephone hearing and on the accompanying sheet containing the warning. Plaintiff had much at stake here. If she allowed Trejo to prevail on her claim that plaintiff paid her wages and was her employer, plaintiff would be estopped from denying in any proceeding whatsoever that the wages paid by her for services rendered for her by any individual under circumstances substantially the same as those under which Trejo's services were performed were wages for insured work. (See Ill. Rev. Stat. 1985, ch. 48, par. 455.) As a result, plaintiff would be required to make contributions for unemployment insurance benefits for every cleaning woman with whom she dealt. We, therefore, do not believe plaintiff would have failed to act upon the notice once she had received it.

Upon immediately receiving notice from the hearing referee that she had not prevailed against Trejo because of her failure to appear at the telephone hearing, plaintiff filed a request to the Department's Board of Review for a rehearing. Relying on section 2720.255 of the Department regulations governing the appeals process (56 Ill. Adm. Code §2720.255 (1985)), defendants argue that plaintiff failed to request a rehearing pursuant to the regulations dealing with a party's failure to appear at a scheduled hearing. Section 2720.255(c)(1) provides in pertinent part:

"Requests to rehear the appeal must be filed no later than 10 days after the hearing or the date the party first received notice of the scheduled hearing, whichever is later *but in no event beyond the time for filing a timely appeal to the Board of Review pursuant to Section 2720.300(a) of this Part.* Such requests must state the facts showing that failure to appear at the scheduled hearing was caused by reasons outside the control of the party and by circumstances that could not have been foreseen and avoided." (Emphasis added.) 56 Ill. Adm. Code §2720.255(c)(1) (1985).

Section 2720.300(a) provides: "The appeal must be filed within 30 days after the Referee's decision has been mailed to the parties." (56

Ill. Adm. Code §2720.300(a) (1985).) In the instant case, the referee's decision was mailed on April 3, 1987. On April 29, 1987, plaintiff filed a notice requesting a rehearing, stating as her first basis for appeal:

> "1. Marilyn Placko did not receive an opportunity to be heard. No telephone conference was conducted by the Referee. Marilyn Placko was not given a time or telephone number to contact the Hearing Referee."

Additionally, plaintiff stated that she "was not an employer and claimant [Trejo] did not perform 'employment' service." In support of this statement, plaintiff attached to her request for rehearing a written summary of the relationship between plaintiff and Trejo. Plaintiff requested that the entire case be remanded to the hearing referee or claims adjudicator so she would have an opportunity to be heard and put forth evidence.

On July 2, 1987, the executive director of the Board responded, stating that "[t]he Referee's decision has been appealed to the Board of Review which will review the case record and *issue its decision based on the merits of the case.*" (Emphasis added.) The Board further stated that plaintiff could submit additional evidence or written arguments, if she so desired. Plaintiff asserts that, based on the executive director's correspondence, she presented no evidence on the question of notice but instead submitted her affidavit which pertained to the "merits" of the case since she presumed the Board meant what it said about deciding the case "on the merits."

As plaintiff correctly points out to this court, the term "on the merits" has a specific meaning to members of the legal community and, as a legal term, refers to the "strict legal rights of the part[y]." (Black's Law Dictionary 892 (5th ed. 1979).) Given a lawyer's understanding of the term "merits," the executive director's statement that the Board would review the case record and issue a decision based on the merits of the case, and the director's invitation to submit additional evidence, which plaintiff understandably presumed meant evidence applying to the merits, we conclude that the director's letter lulled plaintiff into the mistaken belief that the Board was going to go ahead and decide the instant case on its merits. Instead, the Board issued its decision based upon plaintiff's failure to appear at the telephone hearing.

An administrative proceeding must conform to the fundamental principles of justice and due process of law. (*Ladenheim v. Union County Hospital District* (1979), 76 Ill. App. 3d 90, 95.) Where an administrative order is against the manifest weight of the evidence or where an agency has acted arbitrarily or capriciously, a court of review

should not hesitate to intervene. (*Pierce v. Board of Trustees of the Police Pension Fund* (1988), 177 Ill. App. 3d 915, 917.) If it appears the agency's findings are not supported by substantial evidence, they will be reversed. *Rias v. Department of Employment Security* (1989), 187 Ill. App. 3d 328, 330.

■ Here, the Board's act of deciding plaintiff's case on the issue of notice after having misled plaintiff into believing it would be decided on the merits was capricious and denied plaintiff a fair hearing on the notice issue. Additionally, an examination of the record convinces us that the Board's decision that plaintiff had notice of the hearing before the referee was without substantial support. The only documents pertaining to the notice issue, primarily, the certificate of mailing, suggest an opposite conclusion from that reached by the Board.

Administrative proceedings must conform to the constitutional requirements of due process of law (*Wendl v. Moline Police Pension Board* (1981), 96 Ill. App. 3d 482, 486), and due process mandates adequate notice of the matter under consideration. (*Flores v. Board of Review, Illinois Department of Labor* (1979), 74 Ill. App. 3d 667, 670.) It is unclear whether adequate notice was given in the instant case, and, therefore, plaintiff is entitled to an evidentiary hearing before the Board as to whether she received notice of the telephone hearing. If, upon remand to the Board, the Board finds that adequate notice was given, the claims adjudicator's decision as to Trejo's eligibility for unemployment benefits stands. This outcome would be determinative of the issues in Placko II, making plaintiff liable, as an "employer," for contributions for benefits pursuant to the Act. If, however, the Board finds that no notice was given, the case should be remanded to the hearing referee for a determination on the merits.

The judgment of the circuit court of Du Page County in Placko I is reversed and the cause remanded with directions to the court to reverse the finding of the Board and to direct the Board to allow plaintiff to present evidence on the question of notice. Further, the judgment of the circuit court in Placko II is remanded with directions to enter a result that is in accordance with the findings and result reached after a hearing and decision in Placko I.

Reversed and remanded with directions.

GEIGER and WOODWARD, JJ., concur.