KAREN WHITE, n/k/a Karen Mahon, Plaintiff-Appellant, v. THE DEPART-
MENT OF EMPLOYMENT SECURITY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—92—1000

Opinion filed June 29, 1994.

Lewis Check, of Loyola University Community Law Center, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Claudia E. Sainsot, Assistant Attorney General, of counsel), for appellees.

JUSTICE GREIMAN delivered the opinion of the court:

Plaintiff Karen White brought this action on administrative review from a decision by the Board of Review (Board) of the Illinois Department of Employment Security (Department) denying her unemployment benefits. The trial court dismissed the action for lack of subject matter jurisdiction, finding plaintiff filed her complaint for administrative review after the 35-day jurisdictional period had expired. (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) Plaintiff appeals on grounds that her complaint was timely filed 35 days after her attorney received notice of the Board's final decision.

We reverse the trial court and remand this matter to the Board for a rehearing on the claim adjudicator's decision to deny plaintiff unemployment benefits.

After plaintiff was terminated from her employment at Michael Reese Hospital, she filed a claim *pro se* for unemployment insurance benefits with the Department which a claims adjudicator denied on August 20, 1990. Plaintiff appealed the decision to a referee who scheduled a hearing for October 10, 1990. Plaintiff was unable to attend the hearing, and the referee rescheduled for October 26, 1990.

Although plaintiff's former employer appeared at the hearing, plaintiff, allegedly due to the Department's failure to notify her of the rescheduled hearing date, did not appear.

On October 30 the referee affirmed the claims adjudicator's decision finding plaintiff ineligible for unemployment benefits on grounds of misconduct as authorized by section 602(A) of the Illinois Unemployment Insurance Act (Ill. Rev. Stat. 1989, ch. 48, par. 432(A)), and mailed a copy of its decision to plaintiff's last known address.

Plaintiff retained the Loyola University Community Law Center (counsel) to pursue her appeal pursuant to Department regulations, which provide:

"A person may designate an agent to receive his notices and decisions by filing the name and address of the agent with the Agency. In such cases, notice to the agent so designated is notice to the person. A person's designation of the agent shall remain in effect until the Agency receives a notice that the agency relationship no longer exists." (56 Ill. Adm. Code § 2720.5(b) (1989).)

Counsel notified the referee by letter dated November 13, 1990, of its representation and attempts to reschedule the original hearing regarding plaintiff's appeal, unaware that the hearing had been rescheduled and a determination reached.

On December 5 counsel mailed a written request for a rehearing, claiming neither it nor plaintiff received notice of the October 26 rehearing date until November 20 when the referee called counsel's office to inform it of the rescheduled hearing and attendant determination.

On December 12 the referee mailed to plaintiff's last known address, but not to counsel, a letter denying the rehearing request since the motion was filed outside the 30-day period to appeal referee decisions. See 56 Ill. Adm. Code § 2720.300 (1991).

On January 16, 1991 counsel requested that the Department issue a decision regarding the December 5, 1990, request for a rehearing.

Approximately one week later, counsel received the referee's October 30, 1990, decision dismissing plaintiff's appeal and December 12, 1990, decision denying the rehearing request.

On February 22 plaintiff appealed the referee's decisions to the Board. Counsel received a "Notice of the Pending Appeal" from the Board approximately two weeks later.

On May 10 the Board dismissed the appeal for lack of jurisdiction since plaintiff failed to file the appeal within 30 days from October 30, 1990, and mailed a copy of its decision to plaintiff's last known address. Department regulations regarding Board decisions provide:

> "The decision of the Board of Review will set forth, in writing, the factual and legal basis for its decision. The Board of Review shall cause a written copy of its decision to be mailed to the parties *** and/or their representatives pursuant to Section 2720.5(b) of this Part, and to nonparty employers ***." (56 Ill. Adm. Code § 2720.335 (1989).)

Counsel did not receive notice of the Board's decision until June 27, 1991, and only after contacting the Board to inquire about the status of plaintiff's appeal.

On August 1, 1991, plaintiff filed a complaint seeking administrative review of the Board's decision which averred: (1) she never received notice of any hearing other than the October 10, 1990, hearing; and (2) she received notice of the referee's decisions finding her ineligible for unemployment compensation and denying her petition for rehearing on January 25, 1991, after the 30-day period for appealing referee decisions expired.

The Board moved to dismiss the complaint for lack of subject matter jurisdiction pursuant to section 3—103 of the Illinois Administrative Review Law (Act), which states:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.)

Attached to the motion was the affidavit of Ralph Elliott, the Board's Executive Director, which essentially stated that the Department followed internal procedure for mailing its decision to plaintiff on May 10, 1991, to provide her with notice and an opportunity to file a complaint for administrative review before the 35-day jurisdictional period expired.

Plaintiff responded to the motion and attached her affidavit which stated she received mail at an address different from where she resided until January 1991 and affirmed her assertions in the com-

plaint regarding the Board's alleged failure to provide her with the requisite notice. Upon defendant's motion, the trial court struck this exhibit and others for lack of relevancy.

The trial court granted the Board's motion dismissing plaintiff's complaint for lack of subject matter jurisdiction, and this appeal followed.

Plaintiff contends her complaint for administrative review was timely filed on August 1, 1991, since the Board failed to notify counsel of its final decision until June 27, 1991. Plaintiff thus interprets section 2720.335 of the Act (56 Ill. Adm. Code § 2720.335 (1989)) to require the Board to mail its decisions to the unemployment insurance applicant *and* her designated representative *or* merely the representative, assuming the applicant has complied with section 2720.5(b) regarding designation of agents to receive service. 56 Ill. Adm. Code § 2720.5(b) (1989).

The Board contends section 2720.335 allows but does not require service upon the applicant's designated representative, *i.e.*, the applicant *or* her designated representative. Hence, mailing its final decision to plaintiff's last known address on May 10, 1991, effectuated service to commence the statutory 35-day period for seeking administrative review expiring June 14, 1991, approximately six weeks prior to the date plaintiff filed the complaint.

While an administrative agency's factual findings are considered *prima facie* correct and will not be set aside unless against the manifest weight of the evidence, a reviewing court is not bound to give the same deference to an agency's conclusions of law and statutory construction since a reviewing court must exercise independent review and judgment. *Mitchell v. Illinois Department of Revenue* (1992), 230 Ill. App. 3d 795, 798, 596 N.E.2d 31; *Kankakeeland Community Action Program, Inc. v. Department of Commerce & Community Affairs* (1990), 197 Ill. App. 3d 1067, 1077, 557 N.E.2d 277; *Russell v. Department of Central Management Services* (1990), 196 Ill. App. 3d 641, 644, 554 N.E.2d 464; *Illinois Bell Telephone Co. v. Human Rights Comm'n* (1989), 190 Ill. App. 3d 1036, 1046, 547 N.E.2d 499.

In interpreting an agency rule, courts apply the same rules of construction used in construing statutes. (*John Sexton Contractors Co. v. Pollution Control Board* (1990), 201 Ill. App. 3d 415, 424, 558 N.E.2d 1222; *Kneip v. Board of Fire & Police Commissioners* (1986), 150 Ill. App. 3d 870, 872-73, 502 N.E.2d 436.) Each provision must be construed in connection with every other provision to produce a harmonious whole. (*Kneip*, 150 Ill. App. 3d at 872-73.) Here, we consider the notice requirements of section 2720.335 in light of the

agency provisions of section 2720.5(b) to determine whom the Board must notify of its decisions.

Section 2720.335 makes explicit reference to section 2720.5(b), which allows an applicant to designate an agent to receive her notices and decisions by filing the agent's name and address with the Department. After an applicant properly designates an agent and the Department acknowledges the designation, until the Department receives notice from the applicant that the agency relationship no longer exists, the Board's service of notices and decisions upon the agent constitutes service upon the applicant. *Board of Education of St. Charles Community Unit School District No. 303 v. Adelman* (1985), 137 Ill. App. 3d 965, 970, 485 N.E.2d 584; see *Massoud v. Board of Education of Valley View Community District No. 365-U* (1981), 97 Ill. App. 3d 65, 69, 422 N.E.2d 236 (an attorney of record before an administrative agency is appointed to receive service for his client barring an express statement to the contrary in his entry of appearance).

We can assume that the Department has not provided for agents, or service upon them as an idle act, merely to disregard their status and attempt to communicate directly with applicants. The Board suggests that communicating directly with the parties reduces the possibility of any miscommunication, error or delay which might result from transmittal of its decision to and from individuals who "might or might not be attorneys, and who might or might not still be representing the parties."

If so, again, why provide for agents? Plaintiff correctly recognizes that providing for agents enables an unemployed person who may be unsophisticated and unfamiliar with the "not insubstantial bureaucratic maze of the unemployment insurance system" to seek an attorney or another representative to handle her claim. (See *Nichols v. Department of Employment Security* (1991), 218 Ill. App. 3d 803, 809, 578 N.E.2d 1121 (courts liberally construe the Illinois Unemployment Insurance Act to benefit unemployed individuals).) It is patently unfair for the Department to offer the claimant the opportunity to place the matter into the hands of a designated representative and, at the same time, allow the Board to disregard the individual's request that the representative receive her notices and decisions.

Where statutory language yields two constructions, one of which makes the enactment absurd and illogical while the other renders it reasonable, the construction which leads to an absurd result must be avoided. (*Mulligan v. Joliet Regional Port District* (1988), 123 Ill. 2d 303, 312-13, 527 N.E.2d 1264.) Construing section 2720.335 in light of section 2720.5(b), it is clear that the Department contemplated ser-

vice upon agents designated by claimants. (See *Chadesh v. Commonwealth Edison Co.* (1984), 128 Ill. App. 3d 827, 832, 471 N.E.2d 628 (a plain and unambiguous agency rule, properly promulgated, is not open to interpretation and should be intended to mean what it has plainly expressed).) Because an agency has no power to misapply or extend a rule through strained interpretation (*Inwang v. Community College District No. 508* (1983), 117 Ill. App. 3d 608, 611, 453 N.E.2d 896), the Board's attempts to notify plaintiff directly after acknowledging counsel's representation circumvented Department rules to render its service meaningless. See *Mountain States Telephone & Telegraph Co. v. Department of Labor & Employment* (1974), 184 Colo. 334, 520 P.2d 586 (unemployment insurance agency erred in notifying employer rather than its attorney of referee's decision since notice of decisions affecting the parties' substantial rights, whether employer or employee, must be given to their attorneys of record); *Perry v. Department of Employment & Training* (1987), 147 Vt. 621, 523 A.2d 1242 (extending *Mountain States* to require notice to both the unemployment compensation benefits claimant and his attorney).

The Board argues section 3—103 of the Act supports direct service upon the claimant to her last known address; however, direct mailings only apply if the "Act governing the procedure before the administrative agency" fails to specify another method of service. (See Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) As discussed, section 2720.335 provides for service upon properly designated agents of claimants. It is undisputed that plaintiff properly designated counsel as her representative and the Department knew of such designation at least after receiving counsel's letter dated November 13, 1990. Since the Board failed to notify counsel of its final decision, whether or not it followed proper Department procedure in mailing its decision to plaintiff's last known address proves irrelevant. Compare *Saunders v. Department of Public Aid* (1990), 198 Ill. App. 3d 1076, 556 N.E.2d 736 (administrative clerk's affidavits detailing how she mailed agency's decision to claimant and her attorney sufficed to corroborate office custom), with *Kocourek v. Bowling* (1981), 96 Ill. App. 3d 310, 313, 421 N.E.2d 397 (three affidavits from individuals lacking personal knowledge of the handling of claimant's decision failed to establish office custom).

The right to adequate notice of a final decision, reasonably calculated to be received, is under all circumstances an essential element of due process. (*Mullane v. Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 94 L. Ed. 865, 873, 70 S. Ct. 652, 657; *Johnson v. State Employees Retirement System* (1987), 155 Ill. App. 3d 616, 619, 508 N.E.2d 351.) Administrative proceedings must conform to

the constitutional requirements of due process of law which mandate adequate notice of the matter under consideration. (*Placko v. Jackson* (1990), 197 Ill. App. 3d 138, 146-47, 554 N.E.2d 708.) Since the 35-day period for filing a complaint under section 3—103 of the Act does not begin to run until the Department provides a claimant or her agent with adequate notice of its final decision (see *Johnson*, 155 Ill. App. 3d at 618), counsel filed a timely complaint for administrative review. (See *Huber Pontiac, Inc. v. Wells* (1978), 59 Ill. App. 3d 14, 375 N.E.2d 149 (trial court had jurisdiction to review administrative decision to revoke automobile purchaser's title since the 35-day limitation period began the date the agency served notice upon his attorney).) The trial court's affirmance of the Board's decision to dismiss plaintiff's complaint for lack of subject matter jurisdiction was, therefore, erroneous.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.