ROCK ISLAND TOBACCO AND SPECIALTY COMPANY, Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees.

Third District   No. 80-29

Opinion filed August 14, 1980.

Stewart R. Winstein, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County affirming the decision of the Illinois Department of Revenue finding that appellant, Rock Island Tobacco and Specialty Company (Rock Island Tobacco), owed $133,562.50 in additional taxes. The Department of Revenue ruled that Rock Island Tobacco owed the taxes on sales made from January 1971 through December 1974.

Rock Island Tobacco sells tobacco and various other items, including gifts, candy and novelty gift items. Upon an auditing, the auditor, Mr. Wendorff, originally disallowed $1,638,067.67 of Rock Island Tobacco's claimed deduction as being unsubstantiated sales for resale which, without documentation, could not be deducted. During the audit Wendorff, instead of checking each sales record, spot checked several months and used the figures in those months to determine the taxpayer's tax bill as a whole. There is a dispute as to whether Wendorff suggested this method or whether Mr. Napsky, the secretary of Rock Island Tobacco, suggested it. Wendorff testified at trial that he told Napsky that Rock Island Tobacco would need certificates of resale to document its claimed deduction and that he told Napsky that if he would sign a waiver of the statute of limitations, then Wendorff would give the corporation time to get the certificates. Napsky signed both the waiver of the statute of limitations and an agreement authorizing the Department of Revenue to spot check certain months instead of going through all the corporation sales.

At the time of the hearing, the hearing referee, Mr. Stentz, directed that additional time be given to Rock Island Tobacco to procure additional certificates of resale if necessary. However, Rock Island Tobacco did not need any additional time, having already procured the necessary certificates. The hearing referee then directed Wendorff to consider these certificates in a supplemental audit, which was done. In this supplemental audit, Wendorff rejected most of the certificates for resale for various reasons.

The decision of the hearing officer found that the Department of Revenue had established its *prima facie* case of liability and that this *prima facie* case had been rebutted only to the extent of the certificates of resale accepted by Wendorff. The hearing officer accepted Wendorff's conclusions in rejecting deductions based on other certificates of resale. The circuit court of Rock Island County affirmed the findings of the Department of Revenue. On appeal, Rock Island Tobacco raises two issues: (1) whether there was a waiver of the statute of limitations and an authorized agreement to audit the business using spot checks in that Napsky, the secretary for the corporation, signed the forms permitting the waiver and use of spot checks; and (2) whether the disallowance of

most of the certificates of resale was against the manifest weight of the evidence.

■■ We first address the issue of whether Napsky's assent to the waiver of the statute of limitations and the method of auditing was binding on Rock Island Tobacco. We find it was. The hearing officer found that Napsky had apparent authority to bind the corporation and, in any event, Rock Island Tobacco by its subsequent conduct ratified the agreement. We do not believe this finding was against the manifest weight of the evidence. At the time Napsky signed the agreement and the waiver, he was the secretary-treasurer of the corporation, the office manager, purchasing agent and assistant sales manager of the corporation. Under these circumstances we cannot state that the Department's finding that Napsky had apparent authority to bind the corporation was against the manifest weight of the evidence. Further, the record clearly shows that Rock Island Tobacco, through its president and directors, did not object to the agreement during the audits and did not raise the issue until the Department hearing. Thus the corporation's conduct clearly served to ratify the signing of the waiver of the statute of limitations and the auditing agreement. We therefore affirm this part of the circuit court's judgment.

■■ Rock Island Tobacco's second issue is whether or not the disallowance of most of the certificates of resale was against the manifest weight of the evidence. Wendorff disallowed the majority of the certificates for various reasons that fall into three categories. The first category was that there were discrepancies between the information on some of the certificates and the information about the firms which was registered in Springfield. For example, some certificates had a date of commencement of business that was earlier than when the business actually started. Under such circumstances it was proper for the auditor to disallow certificates which were inaccurate.

■■ The second category deals with who signed the certificates for resale. Wendorff refused to allow a certificate of resale unless the person who signed it on behalf of the purchaser was the owner or was registered in Springfield with the Department of Revenue to sign on behalf of the owner. We hold this practice to be improper. Article 13, section 3, of the Illinois Retailers Occupation Tax Articles (1967) recites the requirements for certificates of resale:

> "A Certificate of Resale must bear the seller's name and address, the name and address of the purchaser, the date when such certificate was signed by the purchaser, a sufficient identification of the property sold for resale to the purchaser, and the purchaser's registration number or resale number with the Department."

Nowhere does the rule state that for the certificate to be valid the

person signing on behalf of the purchaser must be registered with the Department of Revenue. We can discern no reason nor has the State advanced any reason why this should be the case. Indeed, when Napsky asked Wendorff to recommend a form for Napsky to use in drawing up a certificate of resale, the form Wendorff recommended had a place for the signature of the purchaser, registrant or agent. In the absence of any reason why an employee or agent of the purchaser should not be allowed to sign the certificate on the purchaser's behalf unless registered, we believe it was improper to disallow the certificates for that reason.

■ The third category under which Wendorff disallowed the certificates was that, despite the signed certificates of resale, Wendorff felt some of the merchandise sold by Rock Island Tobacco was not really being resold. For example, Wendorff testified that if the merchandise which the purchaser bought was not of the type normally sold by someone in that particular business, or if he felt the quantity was suspicious, then he disallowed the certificates. He did this despite the fact that there was no evidence that the merchandise was not in fact purchased for resale. This practice is improper. Article 13, section 2, specifically states where the certificate of resale is signed by the purchaser and the statement is correct, the Department will accept the certificates as *prima facie* proof that the sales covered by the certificates were made for resale. (See *Stam Manufacturing Co. v. Department of Revenue* (1976), 39 Ill. App. 3d 753, 350 N.E.2d 259.) It is undisputed that the certificates were properly filled out. Nor is there any evidence that the merchandise was not sold for resale. Therefore, by the Department's own rules, the certificates were *prima facie* proof that the merchandise was sold for resale. To permit an auditor to disallow the certificates without any evidence at all that the merchandise was not sold for resale is to render the presumption void of any effect. If the Department is to follow its rules, auditors cannot be permitted to disallow a proper certificate of resale when there is no evidence to show the merchandise sold was not for resale. Thus, we hold that it was improper for Wendorff to disallow the certificates of resale in the absence of such evidence.

For the abovementioned reasons, the judgment of the circuit court of Rock Island County is affirmed in part and reversed in part. We remand to the trial court with directions that the order of the Department of Revenue be vacated in part and further proceedings be held by the Department consistent with the views expressed herein.

Affirmed in part, and reversed and remanded in part.

ALLOY, P. J., and SCOTT, J., concur.