HESS, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

Fifth District    No. 5—95—0117

Opinion filed March 22, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Cacilia Reich Masover, Assistant Attorney General, of counsel), for appellants.

Charles F. Hickman, of Mathis, Marifian, Richter & Grandy, Ltd., of Belleville, for appellee.

JUSTICE KUEHN delivered the opinion of the court:

Defendants, the Department of Revenue of the State of Illinois and the Treasurer of the State of Illinois, appeal an order granting Hess, Inc.'s (Hess) summary judgment motion and denying the defendants' summary judgment motion.

At issue in this case is whether, under the Retailers' Occupation Tax Act (35 ILCS 120/1 *et seq.* (West 1994) (formerly Ill. Rev. Stat. 1991, ch. 120, par. 440 *et seq.*)), a retailer can rely upon a tax exemption certificate presented by a purchaser.

Hess sells construction materials to contractors. In January 1991, the Department of Revenue audited Hess' sales tax records covering the period from July 1, 1987, through June 30, 1990, and assessed a $50,466 deficiency with interest, for the sale of nonexempt merchandise to construction contractors. Hess paid that amount but paid $19,875 of the amount under protest pursuant to the State Officers and Employees Money Disposition Act (Ill. Rev. Stat. 1991, ch. 127, par. 172 (now 30 ILCS 230/2a (West 1994))). Within 30 days of payment, Hess sued the defendants to recover the protested amount. Thereafter, on October 25, 1993, the Department of Revenue audited Hess again. The audit covered the period from July 1990 through December 1992. The Department of Revenue assessed a deficiency in the amount of $4,918, with interest. The 1993 assessment was based upon the same violation. Hess paid the assessed amount but paid $3,806 of the amount under protest. Within 30 days, Hess again filed suit against the defendants. Ultimately, the two suits were consolidated.

Hess filed a summary judgment motion claiming that the taxes paid under protest were exempt pursuant to section 130.2075 of title 86 of the Illinois Administrative Code (86 Ill. Adm. Code § 130.2075 (1991)) because the contractor presented valid exemption certificates. Under Illinois law, materials purchased for conversion into real estate are exempt from sales tax if the materials purchased are related to a church, charity, school, or governmental body project. Ill. Rev. Stat. 1991, ch. 120, par. 441—5 (now 35 ILCS 120/2—5(11) (West 1994)).

The defendants also filed a summary judgment motion claiming that Hess was responsible for the assessed sales taxes because not all of the materials sold to the contractors were incorporated into the real estate as required under section 130.2075.

The defendants presented no evidence that the materials purchased by the contractors were not incorporated into the exempted real estate projects. Because of the passage of time, the defendants were unable to determine whether the materials sold

were end-use items. For purposes of this litigation, the parties agree that the materials sold were end-use items.

The trial court entered summary judgment in Hess' favor, finding that because Hess received the requisite exemption certificates, Hess was not liable for sales and use taxes on those items sold to the construction contractors. The court further found that, under the regulation, Hess was not obliged to determine whether or not each item purchased was actually going to be incorporated into a church, charity, school, or governmental body real estate project. We agree and affirm the trial court.

■ Defendants contend that as its regulation does not provide that possession of a certificate is *prima facie* proof of exemption, Hess and other retailers may not rely upon the certificate but must determine at the point of purchase whether the items could ultimately become a part of realty. The specific language of the regulation is as follows:

> "A supplier claiming exemption hereunder shall have among his records a certification from the purchasing contractor stating that his purchases are for conversion into real estate under a contract with a church, charity, school or governmental body, identifying the church, charity, school or governmental body that is involved by name and address and stating on what date his contract was entered into. The supplier shall also have among his records the active exemption number issued by the Department to the organization for which the purchasing contractor is acting." 86 Ill. Adm. Code § 130.2075(d)(4) (1992-93).

Defendants are correct that the applicable regulation lacks *"prima facie"* language. However, the regulation also contains no language placing a burden upon the retailer to inquire beyond the exemption certificate.

The other sales tax exemption regulations also contain no language placing a burden upon the retailer to inquire beyond the exemption certificate. These other regulations contain *"prima facie"* language or otherwise specifically place the tax burden upon the purchaser. 86 Ill. Adm. Code § 130.340(e) (1991) (if a rolling stock exemption certificate provided to a retailer is incorrect, the Department of Revenue will pursue payment of taxes from the purchaser); 86 Ill. Adm. Code § 130.1405(b) (1991) (an exemption certificate related to resale is *prima facie* proof that the sales were in fact made for resale); 86 Ill. Adm. Code § 130.350(e) (1991) (if a coal exploration sales tax exemption certificate provided to a retailer is incorrect, the purchaser is liable to the Department of Revenue for the tax); 86 Ill. Adm. Code § 130.305(m) (1991) (if a farm machinery sales tax exemp-

tion certificate provided to a retailer is incorrect, the purchaser is liable to the Department of Revenue for the tax); 86 Ill. Adm. Code § 130.350(a) (1991) (if a contractor certifies incorrectly that the materials purchased will be utilized in the construction of a pollution control facility, the purchaser is liable to the Department of Revenue); 86 Ill. Adm. Code § 130.325(d) (1991) (a purchaser of graphic arts machinery and equipment who subsequently leases the equipment to someone who does not utilize the equipment in a nonexempt fashion remains liable to the Department of Revenue for the tax).

■ The Retailers' Occupation Tax Act encompasses the regulation at issue, as well as all of the above-cited regulations. To accept the defendants' argument, that without the *"prima facie"* language the certificates mean something less, results in uneven application. The same retailer could accept exemption certificates for sales of pollution control device materials and construction materials. If the purchasers of both types of materials do not utilize the materials in a nonexempt project, the retailer would remain responsible for uncollected taxes on the construction materials but would not be responsible for uncollected taxes on the pollution control device materials.

This court previously discussed a related issue in *American Welding Supply Co. v. Department of Revenue*, 106 Ill. App. 3d 93, 435 N.E.2d 761 (1982). *American Welding* involved the Retailers' Occupation Tax Act and the regulations related to sales for resale and sales of pollution control device materials. The retailer in *American Welding* accepted exemption certificates and collected no tax for some items sold. *American Welding*, 106 Ill. App. 3d at 95-96, 435 N.E.2d at 763-64. The Department of Revenue disallowed the exemptions and sought payment of the taxes from the retailer. *American Welding*, 106 Ill. App. 3d at 95-96, 435 N.E.2d at 763-64. With respect to the pollution control device materials exemption, the Department of Revenue argued that the retailer was not justified in relying upon the exemption certificates because the types of items sold would clearly not become a part of a pollution control device. *American Welding*, 106 Ill. App. 3d at 97, 435 N.E.2d at 764. On appeal, the court reversed the trial court, stating that after obtaining exemption certificates, the retailer did not have an additional burden to prove that the items sold were intended for resale or for incorporation into a pollution control device. *American Welding*, 106 Ill. App. 3d at 101, 435 N.E.2d at 768; see also *Rock Island Tobacco & Specialty Co. v. Department of Revenue*, 87 Ill. App. 3d 476, 409 N.E.2d 136 (1980).

Both regulations at issue in *American Welding* contained *"prima facie"* or similar language. However, the *American Welding* analysis

also applies to retailers' acceptance of exemption certificates for materials purchased for incorporation into a church, charity, school, or governmental body project. The *American Welding* regulations and the regulation at issue all arose out of the Retailers' Occupation Tax Act. Some of the sales tax exemption regulations contain *"prima facie"* or other similar language regarding the effect of acceptance of an exemption certificate. Others contain no such language. The certificates seem to serve the same function, but accepting the defendants' arguments would vastly alter the retailers' burden.

Additionally, a review of the specific regulation at issue reveals internal inconsistency. Section 130.2075(b) specifically places tax responsibility on the purchaser of construction materials if the purchaser may resell some of the purchased materials. 86 Ill. Adm. Code § 130.2075 (1991). The purpose of the exemption certificates should remain constant. Administrative regulations concerning the same subject matter must be construed and considered with reference to each other so that all sections are given harmonious effect. *Kneip v. Board of Fire & Police Commissioners*, 150 Ill. App. 3d 870, 872-73, 502 N.E.2d 436, 438 (1986).

The overall regulatory scheme with respect to exemption certificates necessitates a finding that the underlying purchaser is more capable of bearing the burden of knowledge of use of the materials purchased pursuant to an exemption certificate.

For the foregoing reasons, we affirm the judgment of the circuit court of St. Clair County.

Affirmed.

GOLDENHERSH and RARICK, JJ., concur.